Therefore, Kansas is a place this action could have originally been brought.

## III. CONCLUSION

For the foregoing reasons we will enforce Cessna's right to have this litigation proceed in the District of Kansas and we will transfer the entire matter to that court pursuant to 28 U.S.C. §§ 1406(a); 1404(a).

**UNITED STATES of America, Plaintiff,**

**v.**

**VARIOUS PARCELS OF REAL PROPERTY and 4724 Pennsylvania, Gary, Indiana, et al, Defendants.**

**Civ. No. 85–981.**

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 11, 1986.

James G. Richmond, Gwen Rinkenberger, Asst. U.S. Atty., for plaintiff.

J.J. Stankiewicz, Merrillville, Ind., for defendants.

## ORDER

MOODY, District Judge.

This cause is before the court on a Motion for Summary Judgment filed on September 25, 1986 by the United States of America (government) pursuant to Fed.R. Civ.P. 56. The action was commenced by the government on October 23, 1985 pursuant to 21 U.S.C. § 881 seeking forfeiture of several parcels of real property believed to be involved with narcotics violations. By its motion the government seeks summary judgment with respect to the parcel of real estate known as 4724 Pennsylvania, Gary, Indiana.

---

1. Both filings were made jointly with Julia, Inc., a corporation that has asserted claims to other

## I.

The government filed its complaint for forfeiture on October 23, 1985, naming seven parcels of real estate as defendants. Execution of process was carried out by serving an individual at the address or by posting the complaint and alias warrant of seizure on the premises. On the Marshal's Process Receipt and Return form dated November 1, 1985, Rose Rodriguez is listed as the individual served at 4724 Pennsylvania, Gary, Indiana. Notice of the action was also published in the Gary Post-Tribune on November 8, 15 and 22, 1985.

On December 23, 1985, Rose Rodriguez filed an answer to the complaint, denying that her possessions seized at 4724 Pennsylvania were used for illegal purposes and generally denying all the allegations concerning the forfeiture of that parcel of real estate. Rose Rodriguez also filed on February 12, 1986 a Notice of Claim for Wrongful Seizure of Personal Property and a separate Motion to Intervene.[1] Both pleadings indicated that Rose Rodriguez was a lessee tenant at 4724 Pennsylvania and asserted claims to personal property seized at that address. After the court granted the Motion to Intervene, Rose Rodriguez filed on May 28, 1986 a second answer, reasserting in substance the same allegations made in the December 23, 1985 answer.

The government now seeks summary judgment because claimant Rodriguez did not comply with the requirements of Supplemental Rule C(6), Fed.R.Civ.P., in submitting her claim. To date the court has received no response to the government's motion.

## II.

Summary judgment is appropriate only where the court is satisfied that the moving party has met its burden of establishing that there exists no genuine issue with respect to any material fact and that it is

property not involved in this motion.

entitled to judgment as a matter of law. *Thornton v. Evans,* 692 F.2d 1064, 1074 (7th Cir.1982); Fed.R.Civ.P. 56. The court must view the evidence submitted by the movant in the light most favorable to the non-moving party. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

### A.

Supplemental Rule C(6), Fed.R.Civ.P., states that "[t]he claimant of property that is the subject of an action in rem shall file his claim within 10 days after process has been executed." The claim must also be verified. *Id.* The government contends that because the claim submitted by Rose Rodriguez was not verified, she has no standing to challenge the forfeiture action. As discussed elsewhere in this order, the government's assessment of the submitted claim is inaccurate. Even taken as true, however, the government's allegations would not entitle it to summary judgment.

 The verification of a claim is an important element of a forfeiture defense. *United States v. United States Currency in the Amount of $2,857.00,* 754 F.2d 208, 213 (7th Cir.1985). However, this court has previously expressed its reluctance to penalize a claimant not in technical compliance with the Supplemental Rules where the government has also failed to comply. *See United States of America v. One 1980 Ford Mustang VIN 0F03D121959,* 648

F.Supp. 1305 (N.D.Ind.1986). In the present case the published notice misstates the procedure to be followed in asserting a forfeiture defense. The notice states that claimants "are to file their claims within twenty (20) days after the last day of publication." However, Supplemental Rules C(4) and C(6) require the notice to state that claims shall be filed "within 10 days after process has been executed", and that an answer should be filed "within 20 days after the filing of the claim." [2]

Whether or not the government's error actually caused confusion for potential claimants, the court, in an effort to balance the equitable considerations of all the litigants, would normally be inclined to allow both parties to cure their respective deficiencies. Thus, even if Rose Rodriguez had submitted a legitimate yet defective claim to the subject real property, the government would not be entitled to summary judgment against her because of its own noncompliance with the Supplemental Rules.

However, because claimant Rodriguez has made no claim to the defendant real estate in this action, (*see infra,* section B of this order), the court does not need to decide whether she should be allowed to cure her pleadings.

### B.

Contrary to the government's contention, no claimant has asserted a claim against

---

**2.** Given the language of Supplemental Rules C(4) and C(6), it is hardly surprising that confusion exists over the substance of the published notice and the claim submission procedure. Rule C(4) provides that the publication notice is to be made after execution of process, *i.e.,* after the warrant in rem is executed. Supp R. C(3), C(4), Fed.R.Civ.P. The notice is required to "specify the time within which the answer is required to be filed as provided by subdivision (6) of this rule." Supp.R. C(4). Yet Supplemental Rule C(6) provides that a claimant must file the "claim within 10 days after process has been executed ... and shall serve his answer within 20 days after the filing of the claim." Rule C(6) therefore calls for the filing of a claim, a procedure not required to be noticed by publication pursuant to Rule C(4). It also calls for the

claim to be filed within 10 days of execution of process, an event that has already passed before the notice is published. A claimant not directly served with the warrant in rem would have no notice of the forfeiture action. He therefore could hardly be expected to file a claim within ten days of the execution of the warrant, before general notice is published.

The rules must be read to require published notice of both the claim and answer requirements, and to attach the respective time limits to the publication date, not the date of execution of process. Until the Rules are clarified, this court will require the notice to state that a verified claim must be submitted to the court within 10 days of the last publication date and that an answer must be submitted within 20 days thereafter.

the real estate known as 4724 Pennsylvania, Gary, Indiana. Rose Rodriguez' answers, dated December 23, 1985 and May 28, 1985, vaguely refer to "her property at 4724 Pennsylvania." However, the Motion to Intervene and the Notice of Claim, both dated February 12, 1986, make it clear that the answers refer to Rose Rodriguez' personal property that was seized at that address. She alleges that she was merely a lessee tenant of the house at 4724 Pennsylvania. Both of the February 12, 1986 pleadings specifically refer only to personal property and include lists of personal items which she claims.[3] A review of the record shows that neither Rose Rodriguez nor any other claimant has asserted an interest in the subject real estate. Because no claim has been filed, the court evaluates the summary judgment motion, as to the defendant 4724 Pennsylvania, Gary, Indiana, solely on its merits.

### C.

In a forfeiture action pursuant to 21 U.S.C. § 881, the government carries the initial burden of proving probable cause to believe that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance. *United States v. A Single Family Residence and Real Property Located at 90 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625 (11th Cir.1986). *See* Joint Explanatory Statement of Titles II and III, *reprinted in 1978 U.S. Code Congressional and Administrative News*, p. 9522. Probable cause is defined as "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in United States Currency*, 661 F.2d 319, 323 (5th Cir.1981). Once the government has shown probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence

that the property was not involved in a narcotics violation, that the property has an independent innocent source or that probable cause did not exist. *United States v. $41,305.00 in Currency and Travelers Checks*, 802 F.2d 1339 (11th Cir.1986); *United States v. $5,644,540.00 in United States Currency*, 799 F.2d 1357, 1362 (9th Cir.1986). On summary judgment an unrebutted showing of probable cause will suffice to support a forfeiture. *Id.*

■ Because there is no claimant to the subject property, the government on summary judgment need only establish probable cause. The government's motion, however, does not address the issue of probable cause, but is based solely on the failure to submit a verified claim. Whether or not a proper claim is filed, the government's initial burden remains the same. *See id.*

■ On summary judgment, the court should examine the entire record, not just the motion papers. *Keiser v. Coliseum Properties*, 614 F.2d 406, 410 (5th Cir. 1980). The court therefore looks to the complaint and other pleadings to determine whether the government has established probable cause. Count II of the complaint states that approximately eight telephone calls transmitted to or received at the residence indicate that the property was used to facilitate illegal exchanges of controlled substances. That information informs the court as to how incriminating evidence was gathered, but it fails to indicate the substance of the evidence that allegedly connects the property with illegal drug transactions. Especially where real property is concerned, the court cannot order forfeiture based on vague and conclusory allegations. Specific facts must be alleged to show the "substantial connection" between the property and the drug violations.

■ No other documents in the record contain factual allegations which would

---

**3.** The court notes that the forfeiture complaint in this case makes no mention of the forfeiture of personal property. The complaint notes only that an inventory of personal property found in the various premises would be necessary. Be-

cause the issues are not raised by the complaint, the court does not address the legitimacy of any claims to personal property or the propriety of any seizures of personal property that may have occurred.

**66**

cure the deficiencies in the complaint. Because the record reveals no such allegations, the government's motion as presented cannot be granted. However, because there is no claimant to the property involved in this motion, no prejudice would result from allowing the government an additional opportunity to show probable cause. The government therefore may supplement its motion by affidavit or other verified statement of fact which establishes the basis necessary for forfeiture of the property.

## CONCLUSION

The government's Motion for Summary Judgment with respect to the real estate known as 4724 Pennsylvania, Gary, Indiana is taken UNDER ADVISEMENT. The government will have 15 days from receipt of this order to respond with verified information to show the existence of probable cause.