UNITED STATES of America, Plaintiff–Appellee,

v.

$38,570 U.S. CURRENCY, Defendant,

Francisco Flores, Jr., Claimant–Appellant.

Nos. 90–2667, 90–2982.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1992.

---

Melvyn Carson Bruder, Dallas, Tex., for claimant-appellant.

Henry K. Oncken, U.S. Atty., Peggy Morris Ronca, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, KING and JOHNSON, Circuit Judges.

KING, Circuit Judge:

Francisco Flores, Jr. ("Flores") appeals an order of the district court finding that Flores failed to establish standing to claim $38,570 seized following his arrest by Drug Enforcement Administration ("DEA") agents, and striking his claim to the currency and his answer to the government's complaint. We find that the district court erred regarding Flores' standing but did not abuse its discretion in striking his claim and answer. We therefore affirm.

## I. STATEMENT OF THE CASE

Pursuant to 21 U.S.C. § 881(a)(6), DEA agents seized $38,570 from Laura Hernandez, a passenger[1] in a vehicle driven by Flores. The two, along with three other individuals, had been under surveillance by agents since the preceding day. The group had been observed going in and out of two hotel rooms, switching vehicles, and changing rental cars. One of the group was observed sampling cocaine from the trunk of one of the vehicles. The group eventually left the hotel in various vehicles. The

vehicle driven by Flores was pulled over by DEA agents when he was seen driving at a high rate of speed, at which point the currency was seized.

Flores, Hernandez, and Flores' attorney were each served with a complaint for forfeiture *in rem*, a notice of intent to forfeit the $38,570, and a "warrant of seizure and monition." Service of process was by registered mail, sent on March 9, 1990, with a signed return receipt indicating that actual notice was received by each of the three on March 12, 1990. The marshal's return of service of process was filed with the clerk of court on March 15, 1990. Public notice of the seizure was published in *The Houston Chronicle* on March 23, March 31, and April 6, 1990. Flores filed an answer to the complaint for forfeiture *in rem* and a demand for jury trial on April 9, 1990. He then filed a claim for the currency on April 11, 1990.

The district court struck Flores' claim to the $38,570 and his answer to the government's complaint for failure to comply with the Supplemental Rules for Certain Maritime and Admiralty Claims, 28 U.S.C. Supplemental Rule C ("Supplemental Rules" or "S.R.").[2] The district court also found that

---

1. Flores contends, and the government denies, that Laura Hernandez is Flores' wife.

2. Supplemental Rule C reads, in pertinent part, as follows:

   *Rule C: Actions in Rem: Special Provisions*

   . . . . .

   (2) *Complaint.* In actions in rem the complaint shall be verified on oath or solemn affirmation. It shall describe with reasonable particularity the property that is the subject of the action and state that it is within the district or will be during the pendency of the action. In actions for the enforcement of forfeitures for violation of any statute of the United States the complaint shall state the place of seizure and whether it was on land or on navigable waters, and shall contain such allegations as may be required by the statute pursuant to which the action is brought.

   (3) *Judicial Authorization and Process.* Except in actions by the United States for forfeitures for federal statutory violations, the verified complaint and any supporting papers shall be reviewed by the court and, if the conditions for an action in rem appear to exist, an order so stating and authorizing a warrant for the arrest of the vessel or other

property that is the subject of the action shall issue and be delivered to the clerk who shall prepare the warrant and deliver it to the marshal for service. . . . In actions by the United States for forfeitures for federal statutory violations, the clerk, upon filing of the complaint, shall forthwith issue a summons and warrant for the arrest of the vessel or other property without requiring a certification of exigent circumstances.

   (4) *Notice.* No notice other than the execution of the process is required when the property that is the subject of the action has been released in accordance with Rule E(5). If the property is not released within 10 days after execution of process, the plaintiff shall promptly or within such time as may be allowed by the court cause public notice of the action and arrest to be given in a newspaper of general circulation in the district, designated by order of the court. Such notice shall specify the time within which the answer is required to be filed as provided by subdivision (6) of this rule. . . .

   . . . . .

   (6) *Claim and Answer; Interrogatories.* The claimant of property that is the subject of an action in rem shall file a claim within 10

even if Flores' claim had been timely filed, it still would have failed because Flores' bare assertion, "I own the currency," without more, did not satisfy his burden of establishing standing to contest the forfeiture under Supplemental Rule C(6).

Because Flores' claim was the only claim to the $38,570, the district court entered a default judgment and decree of forfeiture. Flores first appealed the district court's order striking his claim and answer, and subsequently filed a timely notice of appeal of the default judgment and decree of forfeiture. These appeals were consolidated.

## II. DISCUSSION

### A. *Requirements of Verified Claim*

■ Flores contends that the district court erred in concluding that he failed to establish standing to contest the forfeiture. "Standing ... is literally a threshold question for entry into a federal court."[3] *U.S. v. $321,470 in U.S. Currency,* 874 F.2d 298, 302 (5th Cir.1989). The issue of standing is one of law, and our review is plenary. *Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn Terminals, Inc.,* 913 F.2d 64, 71 (3d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991).

■ Supplemental Rule C(6) requires that a claim be verified under oath, and that it state the claimant's interest in the property, the right by which he demands restitution, and the right by which he defends the action. S.R. C(6). To contest a

forfeiture action, an individual bears the burden of "demonstrat[ing] an interest in the seized item sufficient to satisfy the court of his standing" as a claimant. *U.S. v. $47,875 in U.S. Currency,* 746 F.2d 291, 293 (5th Cir.1984); *see also U.S. v. $364,960 in U.S. Currency,* 661 F.2d 319, 326 (5th Cir.1981).

■ The statute under which the property was seized, 21 U.S.C. § 881(a)(6), provides the following:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . . .

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that *no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner* (emphasis added).

We have construed this language to suggest that only "owners" have standing to contest a forfeiture proceeding under sec-

---

days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action....

Section 881 forfeitures are also governed by the customs laws, 19 U.S.C. §§ 1595–1627a. *See* 21 U.S.C. § 881(d); *U.S. v. $38,000 in U.S. Currency,* 816 F.2d 1538, 1545 n. 15 (11th Cir.1987). Section 1607 of Title 19 requires that the government send written notice of the seizure, "together with information on the applicable procedures to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607; *$38,000,* 816 F.2d at 1545 n. 15. Flores,

his attorney, and Hernandez received such written notice on March 12, 1990, in the form of the complaint, which informed them to file a claim and answer pursuant to Supplemental Rule C(6).

3. As a predicate to any action before a federal court, parties must establish that they have proper standing to raise a claim. *U.S. v. One 18th–Century Colombian Monstrance,* 797 F.2d 1370, 1374 (5th Cir.1986), *cert. denied sub nom. Newton v. U.S.,* 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987) (citing *Warth v. Seldin,* 422 U.S. 490, 517–18, 95 S.Ct. 2197, 2214, 45 L.Ed.2d 343 (1975)). Absent a party with sufficient interest, "the constitutional limitation of federal court jurisdiction to 'cases or controversies' would prevent a federal court from considering the matter." *Id.*

tion 881. *U.S. v. One Parcel of Real Property,* 831 F.2d 566, 567–68 (5th Cir.1987).[4]

■ The district court found Flores' assertion, "I own the currency," to be insufficient to establish ownership. On appeal, Flores argues that the assertion is sufficient because it was made under oath. The government, on the other hand, argues that, because it must publish notice of the forfeiture proceeding in the newspaper, anyone could file a claim based on such an assertion. Some indicia of reliability, argues the government, are required to reduce the likelihood of a false or frivolous claim.

We recognize that Flores need not prove his case to establish standing to bring suit. *See $321,470,* 874 F.2d at 302. This court has held that, to establish standing, "[a] claimant need not prove the merit of his underlying claim, but he must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirements...." *Id.* We must therefore address how much, if any, evidence Flores must produce in order to meet the threshold requirements of standing.

"[A] claimant seeking to challenge the government's forfeiture of money ... used in violation of federal law must first demonstrate an interest in the seized item...." *$47,875,* 746 F.2d at 293. In *$47,875,* this court held that claimants who lent money to the individual from whom it was seized, and who failed to establish that the money was given in furtherance of a joint venture with the individual, did not demonstrate a legal or equitable interest in the currency sufficient to establish standing. *Id.* In *$321,470,* we extended this principle, noting

that "property may be forfeited ... if the only claimant is unable or unwilling *to provide evidence supporting his assertion* of an interest in the property [sufficient to establish standing]." 874 F.2d at 303 (emphasis added). There, we found that a claimant who denied ownership of seized currency and put forth no evidence of his ownership failed to establish standing. *Id.* at 304. Indeed, in that case we labeled the claimant's need to "demonstrate" an ownership interest as a "burden of proof." *Id.; cf. U.S. v. One 1976 Cessna Model 210L Aircraft,* 890 F.2d 77, 80 (8th Cir.1989) ("To prove this threshold issue, a claimant must *prove* that he or she is the owner of the property subject to the forfeiture action.") (emphasis added); *U.S. v. 2511 E. Fairmount Ave.,* 722 F.Supp. 1273, 1279 (D.Md.1989); *U.S. v. $280,505,* 655 F.Supp. 1487, 1495 (S.D.Fla.1986) (claimant must demonstrate her interest in property by a preponderance of the evidence to establish standing). Finally, in *U.S. v. One Parcel of Land, Known As Lot 111–B,* 902 F.2d 1443, 1445 (9th Cir.1990), the Ninth Circuit held that the claimant had no standing where he failed to present documentary evidence regarding the purchase of the real property or the payment of taxes on the property subject to the forfeiture action.

We note that these decisions indicate that the claimant must come forth with *some* evidence of his ownership interest in order to establish standing to contest a forfeiture. We agree with the reasoning of these cases, and hold that a bare assertion of ownership of the *res,* without more, is inadequate to prove an ownership interest sufficient to establish standing.[5] *Cf.*

---

4. We note that "[t]he term owner should be broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized." S.Rep. No. 225, 98th Cong., 2d Sess. 215 (1984), *reprinted in* 1978 U.S. Code Cong. & Admin.News, 9496, 9522; *One Parcel of Real Property,* 831 F.2d at 567.

5. Flores also claims that standing is established inasmuch as the money was seized from the possession of his wife. This court has found in other contexts that possession of the defendant property, without more, is insufficient to confer standing if there are serious reasons to doubt

the claimant's right to the property. *Cf. Colombian Monstrance,* 797 F.2d at 1374–75 (concerning 18 U.S.C. § 545). This is particularly true where the claimant *denies* legal ownership to seized currency, but nevertheless seeks standing to contest the forfeiture. In that situation, "Congress certainly had no intention of elevating naked possession into equitable ownership in circumstances pointing to the likelihood that the possessor was a courier of drug money." *$321,470,* 874 F.2d at 303. Here, Flores, unlike the claimant in *$321,470,* did not deny legal ownership of the currency.

*2511 E. Fairmount Ave.,* 722 F.Supp. at 1279 ("The mere assertion of legal title to property may not be sufficient to establish standing, for issues of actual possession, control, and financial stake must also be considered.").

■ Ordinarily, therefore, a claimant is required to submit some additional evidence of ownership along with his claim in order to establish standing to contest the forfeiture. In this case, however, Flores need not have supplemented his claim with additional evidence, because the government had admitted Flores' relationship to the currency in its complaint. We recognize that ownership can be evidenced in a variety of ways. Courts generally look to indicia of dominion and control such as possession, title, and financial stake. *Cf. U.S. v. One 1981 Datsun 280ZX,* 563 F.Supp. 470, 474 (E.D.Pa.1983) (holding that claimant failed to establish standing where evidence indicated that claimant had no financial stake in the *res* and did not possess it). Here, the government admitted, and the district court explicitly found, facts indicating Flores' involvement with the currency.[6] The district court noted Flores' presence at the scene of the seizure and the circumstances surrounding Flores' alleged relationship to the currency, and the government's complaint clearly specified that Flores exercised some form of dominion over the currency. While Flores' claim itself did not provide evidence of his ownership interest, we hold that in this case, Flores' claim of ownership, coupled with the government's allegations of Flores' involvement with the seized *res,* are sufficient to establish standing.

### B. *Requirement of Timely Filing*

We review the district court's order striking Flores' claim under the abuse of discretion standard. *U.S. v. One Dairy Farm,* 918 F.2d 310, 311 (1st Cir.1990); *U.S. v. Beechcraft Queen Airplane,* 789 F.2d 627, 630 (8th Cir.1986). Flores contends that

his claim to the currency was filed in a timely fashion, and that the district court therefore abused its discretion in striking his claim. To determine the merits of this contention, we must first review the nature of a forfeiture proceeding and examine the claim-submission process as specified in the Supplemental Rules.

■ A forfeiture proceeding is an action against the seized property, rather than the claimant, brought under the legal fiction that the property itself is guilty of facilitating the crime. *U.S. v. $38,000 in U.S. Currency,* 816 F.2d 1538, 1543 n. 12 (11th Cir.1987). In a forfeiture proceeding involving currency, the district court exercises *in rem* jurisdiction and the currency is the *res. U.S. v. $57,480.05 U.S. Currency and Other Coins,* 722 F.2d 1457, 1458 (9th Cir.1984). The power of the court is derived entirely from its control over the defendant *res. Id.* Jurisdiction over the *res* is obtained by arrest under process of the court. *Alyeska Pipeline Serv. Co. v. Vessel Bay Ridge,* 703 F.2d 381, 384 (9th Cir.1983), *cert. dism'd,* 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 852 (1984). No *in rem* suit can be maintained without a valid arrest of the *res* by the marshal.

■ The United States commences a judicial forfeiture by filing a verified complaint in the district where seizure occurred. S.R. C(2). Upon the filing of the complaint, the clerk issues a summons and warrant for arrest of the *res* and delivers it to the marshal for service. S.R. C(3). Service of the warrant on the *res* constitutes "execution of process." *U.S. v. U.S. Currency Totalling $3,817.49,* 826 F.2d 785, 786–87 (8th Cir.1987); *$38,000,* 816 F.2d at 1545–46; *see also U.S. v. One Assortment of Eighty–Nine Firearms,* 846 F.2d 24, 27 (6th Cir.1988). Service must be made upon the *res* itself. *$38,000,* 816 F.2d at 1545 n. 15; *$3,817.49,* 826 F.2d at 787.

The claimant of the property that is the subject of the action must file a verified claim within ten days after process has

---

6. The government's concern, and it is a legitimate one, that opportunistic respondents will claim ownership of seized cash, is simply not a factor in this case. Flores did not respond "out of nowhere" to the announcement of the forfeiture in the newspaper; the record is clear as to his presence at the time and place of seizure.

been executed or within such time as the court allows, and must file an answer to the complaint within twenty days after the filing of the claim. S.R. C(6). If the *res* is not released within ten days after execution of process, the government must give public notice of the action in a newspaper of general circulation designated by the court. Such notice must specify the time within which the answer is to be filed as provided by Supplemental Rule C(6). S.R. C(4). The notice need not refer to the filing of the claim.

Given the language of Supplemental Rules C(4) and C(6), it is not surprising that confusion exists over the content of the published notice and the claim-submission procedure in general. *Accord U.S. v. Various Parcels of Real Property*, 650 F.Supp. 62, 64 n. 2 (N.D.Ind.1986). Supplemental Rule C(6) calls for the filing of a claim, a procedure not required to be noticed by publication under Supplemental Rule C(4). It also calls for the claim to be filed within ten days after execution of process, an event that may have already passed before the notice is published. A claimant who is not aware of execution of process on the *res* would have no notice of the forfeiture action before the general notice is published, and thus could not be expected to file a claim within ten days of the execution. *Cf. id.*

In the instant case, Flores argues that while he received actual notice of the forfeiture action through the complaint and warrant on March 12, 1990, he never received notice of the date of execution of process on the currency. Without knowing that date, Flores argues, he could not know when the ten-day claim deadline had passed. Flores' contention is without merit. He was served a copy of the "warrant of seizure and monition" on March 12, 1990, by registered mail. As the government correctly points out, while the warrant did not give Flores notice of the date of execution of process, it certainly put him on notice that execution of process on the *res* had recently occurred or was imminent. Flores could then have inquired at the clerk's office for the marshal's return of service, which was filed with the clerk on March 15, 1990. Flores therefore had constructive notice on March 15 that process had been executed—i.e., the warrant had been served on the *res*—on March 9, and that he had only until March 19 to file his claim.

■■■ Flores argues in the alternative that, because he received a copy of the warrant with the complaint, he was entitled to rely on the language of the warrant as to the time in which he was required to file a claim as "additional time as may be allowed by the court" pursuant to Supplemental Rule C(6). The warrant received by Flores contained the following information:

> You [the marshal] are therefore hereby commanded to attach said [$38,570] ... and to detain the same in your custody ... and *to give notice to all persons claiming the same,* or knowing or having anything to say why the same should not be condemned as forfeited to the use of the United States, ... that they be and appear before the said Court ... *on the tenth day after publication next ... then and there to interpose a claim for the same* and to make their allegations in that behalf (emphasis added).

Flores received the notice as required by the warrant language in the form of a copy of the warrant. Flores argues that the instructions in the marshal's notice provide clear directions to recipients as to the date for the filing of a claim. At the very least, contends Flores, he should not be penalized by the government's confusing message as to the filing deadline. *Cf. U.S. v. One 1979 Oldsmobile–Cutlass Supreme*, 589 F.Supp. 477, 478 (N.D.Ga.1984) (excusing late claim because claimant relied detrimentally on misinformation from a government agency); *U.S. v. One 1966 Chevrolet Pickup Truck*, 56 F.R.D. 459, 460 (E.D.Tex.1972) (same).

The government, on the other hand, argues that the clause in Rule C(6) allowing for additional time should be read to require the claimant to file with the court a motion for leave to file a late claim, and make a showing of good faith effort to comply with the Rule. *See One Dairy Farm*, 918 F.2d at 312. We need not decide whether the language of the warrant constitutes "additional time [to file a claim]

as may be allowed by the court" pursuant to Supplemental Rule C(6), or whether Flores was entitled to rely on the instructions, because Flores did not follow the instruction on which he allegedly relied in the warrant.[7] He did not file his claim on or before "the tenth day after publication next." Publication of the notice in the newspaper occurred on March 23, March 31, and April 6, 1990. Flores received the warrant on March 12. The next publication date was March 23, giving him until April 2 to file his claim. He did not do so until April 11.[8] His claim was therefore untimely even under the requirements of the warrant, and the district court did not abuse its discretion in striking it.

The district court also did not abuse its discretion in striking Flores' answer. Flores filed his answer on April 9, 1990, two days before he filed his complaint. Supplemental Rule C(6) specifies that the answer must be filed "within 20 days after the filing of the claim." Flores' answer was not filed within 20 days after the filing of his claim, and hence, the district court had discretion to strike it. *Cf. Beechcraft*, 789 F.2d at 627 (affirming the striking of an answer because it was not preceded by a verified claim); *Eighty–Nine Firearms*, 846 F.2d at 26 (noting that courts have held claimants to strict compliance with the provisions of Rule C(6)); *$38,000*, 816 F.2d at 1547 (same).

## III. CONCLUSION

We hold that the district court erred in finding that Flores' claim was insufficient to confer standing under the Supplemental Rules. However, the district court did not abuse its discretion in striking Flores' claim and answer as untimely. The judgment of the district court is therefore AFFIRMED.

---

7. We encourage the government to address the conflict between the language of the warrant and that of Supplemental Rule C(6) so as to avoid confusion for future claimants.

8. Flores also contends that the newspaper notice requirement of Supplemental Rule C(4) is an integral part of the procedure of execution of process and that execution of process is not complete until the final day of publication. We disagree. Process is only executed through service of the warrant on the *res* pursuant to Supplemental Rule C(3). *See $3,817.49*, 826 F.2d at 786 ("[T]he claimants' ... argument is based on the misconception that the process under the Supplemental Rules ... is served through publication of the notice of seizure. To the contrary, Rule C(3) provides for service of process through ... issuance of a summons and warrant for the arrest of the property.").

Flores' contention is not, however, without case support. The district court in *Various Parcels* recognized that in the situation where a claimant was not directly served with the warrant *in rem*, the claimant would have no notice of the forfeiture action and would not know to be aware of the date when process was executed (thus beginning the running of the ten-day period to file a claim). Specification of the date of the answer (and not the claim) in the published notice would not be of any help to such a claimant because the answer filing date is keyed to the filing of the claim. 650 F.Supp. at 64 n. 2. In such a case, the *Various Parcels* court opined:

> [t]he rules must be read to require published notice of both the claim and answer requirements, and to attach the respective time limits to the publication date, not the date of execution of process. Until the Rules are clarified, this court will require the notice to state that a verified claim must be submitted to the court within 10 days of the last publication date and that an answer must be submitted within 20 days thereafter.

*Id.* The need to revise the Supplemental Rules as suggested in *Various Parcels* is not before us in the instant case. Here, Flores was served with notice of the proceeding in the form of a copy of the warrant *in rem*, which put him on constructive notice as to the claim filing deadline.