IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 00-30431
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR WILLIAMS, also known as Pop,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 93-CR-10012-6
--------------------
December 19, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Arthur Williams, federal prisoner # 08395-035, appeals the district court's dismissal of his motion for return of seized property under Rule 41(e) of the Federal Rules of Criminal Procedure. Williams argues that the Government violated his due process rights by sending notice of the seizure of the money to his home address although he was in prison, the Government failed to publish the notice in accordance with 19 U.S.C. § 1607, the Government waited eleven and one half months after the seizure to send notice of the seizure, and the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion for return of the money seized. In his appellate brief, Williams does not address the district court's dismissal of his motion for lack of standing. In his reply brief, Williams argues that standing is not an issue because it was not raised by the parties in the district court; he argues that he established his standing because he testified at trial that the money belonged to him. Williams' bare assertion of ownership, without more, is inadequate to prove an ownership interest sufficient to establish standing. See United States v. $38,570 in U.S. Currency, 950 F.2d 1108, 1112 (5th Cir. 1992). Williams himself testified at trial that he received the money seized on August 21, 1992, ($24,466) from Michael Johnson and that he gave the money to R.B. Mills as payment for drugs. Williams also testified that he gave the money seized on September 2, 1992, ($3080) to Mills in payment for three ounces of cocaine that Williams himself had previously purchased. Because Williams did not establish that he was the owner of the money seized, the district court did not err in dismissing Williams' Rule 41(e) motion for lack of standing.

AFFIRMED.