**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-20929**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**$8,720.00, Etc.; ET AL.,**

**Defendants,**

**RUMALDO SOLIS,**

**Defendant-Claimant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-99-CV-1648)**

June 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rumaldo Solis, pro se, appeals the summary judgment granted the Government in this forfeiture action.  Solis contends the district court erred in:  determining he lacked standing to contest the forfeiture; and *not* granting his motion to dismiss.

In 1994, the FBI executed a search warrant on Solis' residence, finding at least $30,050 in currency.  Shortly thereafter, the Government initiated administrative forfeiture

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings concerning that currency; Solis received notice and claimed ownership. Almost two years later, Solis pleaded guilty to conspiring to distribute more than five kilograms of cocaine. As part of his plea agreement, Solis agreed to forfeit any interest he may have in any drug-related or money laundering-related asset. Several years later, in 1999, the Government filed a complaint for forfeiture against the $30,050 in currency, alleging it represented the proceeds of drug trafficking or that it was, or was intended to be, used in exchange for drugs or to facilitate a drug offense.

It goes without saying that "[a]s a predicate to any action before a federal court, parties must establish that they have proper standing to raise a claim". *United States v. $38,570 United States Currency*, 950 F.2d 1108, 1111 n.3 (5th Cir. 1992). In order to meet the threshold requirements of standing, a party seeking to challenge the Government's forfeiture of property must demonstrate at least a facially colorable lawful interest in the seized item. *Id.* at 1112. While the fact that property was seized from a claimant is prima facie evidence of his entitlement to it, the claimant must, nevertheless, come forward with additional evidence of ownership *if* there are serious reasons to doubt his right to the property. *Id.* at 1112 n.5.

In this case, the Government has established there are serious reasons to doubt Solis' right to the currency seized from him. As noted, as part of his plea agreement, Solis agreed to forfeit his interest in any drug-related asset, and at his rearraignment hearing, Solis acknowledged under oath that he had agreed to

2

forfeit the currency. Additionally, in a May 1997 letter and a September 1999 appellate brief in a related case, Solis again acknowledged his agreement to forfeit the currency.

Solis has *not* produced sufficient evidence to establish that he has a facially colorable interest in the seized currency, particularly in the light of his statements otherwise. *See id*. at 1112 & n.5 ("a bare assertion of ownership of the *res*, without more, is inadequate to prove an ownership interest sufficient to establish standing"). Therefore, the district court did *not* err in concluding that Solis lacked standing to contest the forfeiture.

*AFFIRMED*