# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-10724
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

10,018.00 IN US CURRENCY, IN REM,

Defendant

v.

CHUCK OLIVER,

Claimant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
No. 4:07-CV-113

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Claimant-Appellant Chuck Oliver appeals the district court's order denying his Federal Rule of Civil Procedure 60(b) motion to set aside the default

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment against Defendant $10,018.00 in U.S. Currency (the "currency"). For the following reasons, we affirm.

Oliver was implicated in three robberies, one of which was the May 8, 2006 robbery of Comerica Bank in Arlington, Texas, during which $88,548.00 was stolen. Oliver was arrested in an Arkansas motel room three days after the Comerica robbery, at which point the currency was seized. After an investigation, the FBI concluded that the money was taken in the Comerica Bank robbery. The FBI commenced administrative forfeiture proceedings against the currency, but the matter was referred to the United States Attorney's office after Oliver filed a claim to the currency with the FBI. Pursuant to 18 U.S.C. § 983(a)(3), the Government filed a forfeiture complaint against the currency. Notice of the proceedings, including the requirement of and deadline for filing a timely claim and answer, was delivered to Oliver on March 19, 2007. In addition, public notice of the forfeiture was made in the *Fort Worth Business Press* on three days in March.

After the deadline for filing a claim and answer expired without any action by Oliver, the Government sent him a Notice of Intent to Make Application for Default Judgment in accordance with Federal Rule of Civil Procedure 55(b)(2). Shortly thereafter, the Government filed a motion for default, and on June 21, 2007, the district court entered default judgment. Approximately one year later, on June 18, 2008, Oliver filed a Motion for Setting Aside Default Judgment, which the district court denied.

In reviewing a motion under Rule 60(b), "the district court's denial of relief will be set aside on appeal only for an abuse of discretion." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984) (citation omitted). Thus, to

overturn the district court's denial of a Rule 60(b) motion, "[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion." *Id.* (citation omitted). Default judgment is appropriate in a forfeiture action when no responsive pleadings are timely filed by a claimant. *See, e.g., United States v. One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d 316, 317 (5th Cir. 1984). Further, a Rule 60(b) motion is not to be used as a substitute for filing a timely claim and answer. *See, e.g., Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir. 1975). To merit relief under Rule 60(b), Oliver must show:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or,
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

In the present case, Oliver has not shown that the district court abused its discretion by denying his Rule 60(b) motion. The Government complied with all procedures and deadlines for obtaining a default judgment, including delivering to Oliver written notice explaining the requirement of filing a timely claim and answer. As Oliver never filed a claim or answer, the district court appropriately granted default judgment. Further, while Oliver waited almost one year to file his Rule 60(b) motion, he offered no evidence of a meritorious defense under Rule

60(b). While Oliver claims to have been misled by Government counsel when counsel allegedly led him to believe that she was handling his claim, this contention is rebutted by the sworn declaration of said counsel and by the fact that the complaint and written notice made clear that the Government counsel represented the United States against the currency.[1] Oliver had ample time after receiving the complaint and notice to file a claim and answer, but he plainly failed to do so. Accordingly, the district court did not abuse its discretion.

For the foregoing reasons, the district court's order denying Oliver's Rule 60(b) motion is AFFIRMED.

---

[1] Oliver makes several other arguments that do not correspond to any of the bases for granting a Rule 60(b) motion, and these claims are likewise without merit. As to Oliver's claim that he was denied due process by not being afforded a trial, he must first have filed a claim and answer to warrant a trial. *See United States v. $38,570 in U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992). As to Oliver's claim that he was improperly denied counsel, we have held that the right to counsel "does not require the government to provide lawyers for litigants in civil matters." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980). As to Oliver's claim that the currency was not used as evidence in the state bank robbery trial, if he is attempting to argue that there was insufficient evidence in the pleadings to warrant default judgment, this decision was left to the discretion of the district court and there is ample evidence in the verification affidavit to justify a default judgment. Finally, as to Oliver's conspiracy claim, there is no evidence in the record to suggest anyone conspired against him.