# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-10154

—————

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2019

Lyle W. Cayce
Clerk

NICOLAS ALFONSO PADRON,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

-------------------------------------------------------

NICOLAS A. PADRON,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

—————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1831
USDC No. 3:18-CV-2924

—————————

No. 19-10154

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Nicolas Alfonso Padron, federal prisoner # 44575-177, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal of his civil suit challenging the forfeiture of property in his criminal case because he lacked standing. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Padron fails to meet this standard. He contends that the district court erred in denying his motion to proceed IFP on appeal because he has standing to challenge the forfeiture of his property. Further, Padron argues that recent Supreme Court decisions in *Timbs v. Indiana*, 139 S. Ct. 682 (2019), *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), and *Luis v. United States*, 136 S. Ct. 1083 (2016), allow a criminal defendant to recover untainted assets and should be applied retroactively to his case.

However, pursuant to the plea agreement, Padron agreed that any property categorized as subject to forfeiture in the superseding indictment was subject to forfeiture. He also agreed not to contest the forfeiture and to hold the government harmless from any challenge to the forfeiture of such property. Padron did not challenge the forfeiture in his direct criminal appeal and has produced no evidence to establish that he has a facially colorable interest in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the seized property as the evidence indicates that he forfeited his right, title, and interest in the contested properties. *See United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992). Therefore, Padron's property interests were extinguished in the criminal judgment, and he lacked standing to challenge the forfeiture in a civil action against the government. *See United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001); *$38,570 U.S. Currency*, 950 F.2d at 1111.

Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous constitutes a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762–63 (2015). Padron is WARNED that accumulating three strikes will preclude him from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).