UNITED STATES of America, Plaintiff,

v.

ONE PARCEL PROPERTY CONTAIN-
ING APARTMENT UNITS AND A BAR
LOCATED AT 1928, 1930, 1932, 1934
AND 1936 WEST SIXTH STREET,
WILMINGTON, DELAWARE with all
appurtenances and improvements
thereon, Defendant.

Civ. A. No. 92–594–JLL.

United States District Court,
D. Delaware.

Feb. 3, 1993.

William C. Carpenter, Jr., U.S. Atty., and
Carolyn T. Greene, Asst. U.S. Atty., Wil-
mington, DE, for plaintiff.

Jeffrey K. Bartels, Wilmington, DE, for
claimant, Kimberly Renai.

MEMORANDUM OPINION

LATCHUM, Senior District Judge.

I. INTRODUCTION

The plaintiff, the United States of Amer-
ica, has brought this motion (Docket Item
["D.I."] 17) seeking to strike the claim (D.I.

15) and answer (D.I. 16) of Kimberly Renai to the complaint for forfeiture *in rem* of defendant property (D.I. 2). The plaintiff bases its motion "on the grounds that [the claim and answer do] not comply with the requirements of Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims." (D.I. 17.) Since this Court finds that claimant did comply with the requirements of Rule C(4) of the Supplemental Rules of Certain Admiralty and Maritime Claims, and that claimant filed both her claim and answer within the time limits set by the order of this Court entered pursuant to Rule C(4) (D.I. 6), this Court will deny plaintiff's motion to strike the claim and answer of Kimberly Renai.

The underlying action is a civil action *in rem* brought by the plaintiff, the United States of America, pursuant to 21 U.S.C. § 881(a)(7), seeking the forfeiture of defendant property, one parcel property containing apartment units and a bar located at 1928, 1930, 1932, 1934 and 1936 West Sixth Street, Wilmington, Delaware with all appurtenances and improvements thereon. Plaintiff's complaint contains the affidavit of F.B.I. special agent, Lewis W. Hyden II, alleging that the defendant property was used by Kimberly Renai to distribute illegal drugs, namely cocaine and phencyclidine (PCP), in violation of 21 U.S.C. § 841. (D.I. 2.)

21 U.S.C. § 881(a)(7) allows the forfeiture of real property which was used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of those sections of 21 U.S.C. §§ 801 *et seq.*, which are punishable by more than one year's imprisonment. The violation of 21 U.S.C. § 841 alleged in the affidavit accompanying plaintiff's complaint is punishable by a sentence of more than one year. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

## II. FACTS

On October 16, 1992, claimant, Kimberly Renai, was arrested on state charges and incarcerated at the Women's Correctional Institute in lieu of secured bail. (D.I. 18 at 1.) On that same day the plaintiff, United States of America, filed with this Court a complaint for forfeiture *in rem* commencing this action (D.I. 2), and a warrant for arrest *in rem* ordering the United States Marshal to seize the defendant property (D.I. 4). Included in the text of the warrant for arrest *in rem* was the following statement: "All persons claiming an interest in said property must file their claims, pursuant to Rule C of the supplemental Rules for Certain Admiralty and Maritime Claims...."

On October 22, 1992, plaintiff, the United States of America, filed with this Court a motion for notice by publication. (D.I. 6.) That motion stated, *inter alia*, "Rule C(4) of the Supplemental Rules of Certain Admiralty. and Maritime Claims of the Federal Rules of Civil Procedure is applicable to such *in rem* proceedings with regard to notice of such seizure to all interested parties." An order granting that motion was signed by United States District Judge Sue L. Robinson and entered that same day. (D.I. 6.) Judge Robinson's Order read, in relevant part, as follows:

Upon motion of plaintiff ... pursuant to 21 U.S.C. § 881 and Rule C(4) of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ...

IT IS SO ORDERED:

1. That *all persons claiming an interest* in the above-described property [defendant property] shall file their claim, in triplicate, with the United States Attorney. for the District of Delaware *within ten (10) days after last publication.* Failure to file a claim within said time limits will result in a waiver of claim to said property.

2. That *all persons knowing or having anything to say* why this Court shall not forfeit the above-described property shall have twenty (20) days from date of *last publication* to answer or otherwise respond to the Complaint in this action. Failure to file an answer or other response within the said time limits will result in a waiver of claim to said property....

4. That the United States Marshal shall cause such an Order to be published, once a week, for three consecutive weeks, in a newspaper of general circulation within New Castle County, Delaware. (D.I. 6) (Emphasis added.)

On October 23, 1992, two Returns for the complaint and warrant *in rem* of this action were filed with this Court. (D.I. 7 and 8.) Both were signed by Deputy United States Marshal Barbara Teoli. One stated that Teoli personally served Kimberly Renai on October 16, 1992, at 9:30 PM at the Women's Correctional Facility while the other stated that Teoli served the defendant property, on the same date, at 10:00 PM.

On October 28, 1992, claimant's counsel, Jeffrey K. Bartels, met with claimant while she was incarcerated. At that time claimant provided her counsel with a copy of the Motion for Notice of Publication and a newspaper clipping containing the published notice dated October 28, 1992.[1] (D.I. 18; Defendant's Exhibit 1.) The published notice repeated Judge Robinson's Order verbatim. At that meeting, claimant indicated to her counsel that the only documents she had received from plaintiff concerning the forfeiture was the Motion for Notice of Publication. Claimant did not have a copy of the complaint or warrant *in rem* with her at that meeting. Therefore, claimant's counsel requested a copy of the complaint and warrant from the plaintiff; those copies were received by claimant's counsel on November 16, 1992. On that same day, claimant's counsel filed with this Court the claim which plaintiff now seeks to strike. (D.I. 15.) Two days later, on November 18, 1992, after having obtained the necessary signature of claimant who was still incarcerated, claimant's counsel filed with this Court the answer to the complaint (D.I. 16) which plaintiff also seeks to strike.

III. DISCUSSION

As stated above, the plaintiff seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(7). 21 U.S.C. § 881(b) states that the Supplemental Rules for Certain Admiralty and Maritime Claims are to govern the procedure of such forfeitures.[2] The two Supplemental Rules for Certain Admiralty and Maritime Claims which are relevant to the motion at hand are Rule C(6) and Rule C(4). Rule C(6) reads in relevant part:

> (6) Claim and Answer; Interrogatories. The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, *or within such time as may be allowed by the court,* and shall serve an answer within 20 days after the filing of the claim.... (emphasis added).

Rule C(4) reads in relevant part:

> No notice other than the execution of the process is required when the property that is the subject of the action has been released in accordance with Rule E(5).[3] *If the property is not released within 10 days after execution of process,* the plaintiff shall promptly or within such time as may be allowed by the court cause public notice of the action and arrest to be given in a newspaper of general circulation in the district, designated by order of the court. Such notice shall specify the time within which the answer is required to be filed as provided by subdivision (6) of this rule ... (Emphasis added.)

**A. Claimant's claim and answer were timely filed under Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims.**

Plaintiff bases its motion to strike the claim and answer of Kimberly Renai on the

---

1. Plaintiff has stated that the October 28, 1992 publication was the first publication. (D.I. 20 ¶ 7.)

2. 21 U.S.C. § 881(b) states in relevant part:
   Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process

issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property....

3. It is undisputed that the property at issue in this case has not been released; it is still in the custody of the United States.

grounds that Renai's claim and answer do not comply with the requirements of Rule C(6). (D.I. 17.) As stated *supra,* however, Rule C(6) was not the only rule invoked by plaintiff in this case. Plaintiff also approached this Court seeking a motion for notice by publication pursuant to Rule C(4) stating that Rule C(4) was applicable to this action. (D.I. 6.) An order signed by United States District Judge Sue L. Robinson was entered on October 22, 1992, in accordance with that motion, and thereafter printed verbatim in the local newspaper. Kimberly Renai's claim, filed with this Court on November 16, 1992, and her answer, filed with this Court on November 18, 1992, did comply with the time requirements of Rule C(4) as set forth in the published order.

Plaintiff, however, has argued that:

[E]ven if petitioner did rely on the Notice by Publication to determine her deadline for filing a claim, she incorrectly states the time limits set forth in that notice. Any person having an interest in the property must set forth their [sic] claims within 10 days of the *first Notice by Publication.* In this case, first publication was on October 28, 1992. Therefore, any claim was due to be filed by November 7, 1992. Petitioner's claim, there-

fore, would still have been 9 days beyond the time limits. (D.I. 20 ¶ 7.)

Plaintiff's argument lacks merit because it is founded upon a misreading of the order as published. Plaintiff's argument also reflects an error in calculating time in accordance with the Federal Rules of Civil Procedure.

■ First, the order signed by Judge Robinson and published verbatim on October 28, 1992, states in relevant part: "all persons ... shall file their claim ... within ten (10) days after *last publication."* (D.I. 6; emphasis added.) Thus, since plaintiff has cited no authority other than the published order, it is clear that the operative date to begin counting is the *last publication* date and not the first as plaintiff maintains. In addition since the published order also states: "the United States Marshal shall cause such an Order to be published, once a week, for three consecutive weeks" and plaintiff states that October 28, 1992 is the first publication date, it is clear that the last publication date would be November 11, 1992. Thus, the clock would start running on November 11th and claimants would have ten days from then in which to file their claims—making all claims due by November 25, 1992. Thus, plaintiff's claim which was filed on November 16, 1992 was timely.[4]

4. That November 25, 1992 due date brings this Court to the topic of calculating time periods. This Court finds it essential to note that plaintiff, the United States of America, has continually miscalculated time periods in this action. The Supplemental Rules for Certain Admiralty and Maritime Claims Rule A states in relevant part: "The general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent with these rules."

*Federal Rule of Civil Procedure 6(a) states in relevant part:*

**Rule 6. Time**

**(a) Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of the district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included *unless it is a Saturday, a Sunday, or a legal holiday ...* in which event the period runs until the end of the next day which is not one of the afore-

mentioned holidays. *When the period of time prescribed or allowed is less than 11 days, intermediate Saturday, Sundays, and legal holidays shall be excluded in the computation....* Fed.R.Civ.P. 6(a) (emphasis added).

Thus, the November 7th return date cited by plaintiff is not only erroneous because it is based on the first rather than last publication date, but it also is erroneous because it contains an error in the calculation of time periods as prescribed by the Federal Rules of Civil Procedure. Assuming, for the purpose of illustration, that plaintiff had been utilizing the correct starting date for its calculations, plaintiff miscalculated the time period in two ways. First, because the relevant period of time was less than 11 days, plaintiff should not have included Saturday and Sundays in its calculation since Federal Rule of Civil Procedure 6(a) specifically states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturday, Sundays, and legal holidays shall be excluded in the computation." Thus, if October 28th had been the correct date from which to begin counting, the return date would have been November 12th not November 7th since Satur-

**B. Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims is applicable to claimant.**

■ Plaintiff also argues that it is only Rule C(6) and not Rule C(4) that applies to claimant. For the reasons discussed below, this Court finds no basis for holding that Rule C(4) does not apply to claimant. This Court agrees with the courts and treatises which have said that reading Rule C(6) and Rule C(4) together can prove problematic.[5] Consistent with those courts and treatises, this Court does not find that the confusion should be used to plaintiff's advantage, thus denying claimant an opportunity to be heard.

The primary difficulty with reading the two rules together is that the time periods prescribed by each tend to conflict. Rule C(6) allows a claimant ten days from the execution of process in order to file a claim. However, Rule C(4) requires public notice of the action and arrest if the property is not released within ten days in accordance with the release provisions of Rule E(5). Thus, Rule C(4) would not, and in the case at hand did not, even start its clock until after the expiration of the time period prescribed in Rule C(6). Because Rule C(6) is triggered by the execution of process, an event which happens in every case, and because Rule C(4) is only triggered when the property has not been released within ten days, an event which, according to the advisory committee notes, does not usually happen,[6] this Court finds that once Rule C(4) is triggered, it becomes the operative rule in the case. In other words, this Court finds that it is reasonable to read the two rules as meaning that once it becomes necessary to use Rule C(4)—in short, if the property is not released in accordance with Rule E(5)—then, at that point, the notice provisions of Rule C(4) control.

The Court further finds that such a reading is in keeping with the language of Rule C(6) in that Rule C(6) states that a claim

---

days, Sundays, and in this case November 11th, Veteran's Day, should have been excluded from the calculation. Second, November 7, 1992 was a Saturday, and Federal Rule of Civil Procedure 6(a) specifically states that when the calculation of a time period ends on a Saturday, Sunday or legal holiday, the period of time is to be extended "until the end of the next day which is not one of the aforementioned holidays." Thus, even if the date of November 7, 1992 were correct as a calculation of time, the return date would be November 9, 1992 which was the following Monday.

While this discussion of proper return dates may at first appear somewhat unnecessary this Court agrees with the principle that:

[i]f anything, the burden on the government to adhere to the procedural rules should be heavier than on claimants. Forfeitures are not favored in law; strict compliance with the letter of the law by those seeking forfeiture must be required.

*United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir.1991) (Citation omitted.)

**5.** *See, e.g., United States v. Various Parcels of Real Property*, 650 F.Supp. 62, 64 n. 2 (N.D.Ind., 1986) in which the court states:

Given the language of Supplemental Rules C(4) and C(6), it is hardly surprising that confusion exists over the substance of the published notice and claim provision....
Until the Rules are clarified, this court will require the notice to state that a verified claim must be submitted to the court within ten days of the last publication date....

Although the *Various Parcels* court was not addressing the identical problem presented to this Court, its solution is still appropriate to the matter at hand and as a leading treatise states "eminently sensible." *See,* David B. Smith, *Prosecution and Defense of Forfeiture Cases* ¶ 9.03 (1992) ("When read together, Rules C(4) and C(6) do not make sense.") Smith is referring, in particular, to the time period provided in Rule C(4) which references Rule C(6). His discussion of the problem, however, like the decision in *Various Parcels* is relevant to the problem at hand. *See also* 7A James W. Moore *et al., Moore's Federal Practice* ¶ C.16 (referencing ambiguity in time provisions for filing a claim under Rule C.)

**6.** The Advisory Committee Notes to Rule C(4) state:

**Subdivision (4)**
This carries forward the notice provision of Admiralty Rule 10, with one modification. Notice by publication is too expensive and ineffective a formality to be routinely required. When, *as usually happens,* the vessel or other property is released on bond or otherwise there is no point in publishing notice; the vessel is freed from the claim of the plaintiff and no other interest in the vessel can be affected by the proceedings. If, however, the vessel is not released, general notice is required in order that *all persons, including* unknown claimants, may appear and be heard, and in order that the judgment in rem may be binding on all the world. (Emphasis added.)

shall be filed within 10 days of the execution of process, *"or within such additional time as may be allowed by the court."* Since Rule C(4) requires an order of the court, this Court sees no difficulty in reading Rule C(6)'s language of *"within such additional time as may be allowed by the court"* to include orders entered in accordance with Rule C(4). Thus, the language of Rule C(6) anticipates the potential modification by Rule C(4). In other words, court orders entered pursuant to Rule C(4) are but one example of Rule C(6)'s provision of *"additional time as may be allowed by the court."*

In the case at hand, the claimant had every right to rely on the order of District Judge Sue L. Robinson which outlined the claim deadlines for the defendant property. To read the rules as meaning anything else would be to afford an order of this Court less than its full effect. Judge Robinson's order in the plainest of terms was an order of the court permitting additional time due to the fact that the property had not been released. Plaintiff, itself, had stated that Rule C(4) had become applicable to the case at hand when plaintiff petitioned the court for the order eventually entered by Judge Robinson.

Once it has been established that Judge Robinson's order must be given full effect in this case, the language of that order becomes controlling. Plaintiff has argued that Judge Robinson's order is only applicable to parties who did not receive actual notice, and that therefore the Rule C(6) time limits, unmodified by the order entered pursuant to Rule C(4), should still be applicable to claimant who did receive actual notice. This Court, however, finds that the language employed in Judge Robinson's order and used in the advisory committee notes to Rule C(4) would not support such a conclusion.

Judge Robinson's order clearly refers to *"all persons claiming an interest in the above-described property"* and to *"all persons knowing or having anything to say why this Court shall not forfeit the above-described property."* It does not refer to "all persons not otherwise provided with notice". This Court sees no reason to read in such an additional restriction, as suggested by plaintiff, since such a reading would have the effect of precluding claimant from having the opportunity to present the merits of her case. This is not a case in which two contracting parties have created ambiguous language and now argue alternative readings. This is a case in which the United States of America originally sought to forfeit the property of a citizen, and now seeks to do so without giving that citizen a hearing. Considering the grave nature of forfeiture proceedings, this Court can not add an implied restriction to a court order which would have the effect of depriving claimant of an opportunity to be heard.

Furthermore, the Advisory Committee Notes to Rule C(4) directly contradict plaintiff's contention that Rule C(4) is not applicable to claimants who received actual notice. The Advisory Committee Notes to Rule C(4) state in relevant part: "If, however, the vessel is not released, general notice is required in order that *all persons, including* unknown claimants, may appear and be heard, and in order that the judgment in rem may be binding on all the world." (Emphasis added.) That Advisory Committee Note confirms that the published notice is addressed to all persons not merely those who have not been actually notified. Not only does the Note state all persons, but it modifies all persons with "including unknown claimants." Such a modification demonstrates that Rule C(4) was not intended, as plaintiff has contended, to address only unknown claimants. "Including" does not mean "only". In fact, it is likely that since the Advisory Committee found it necessary to *include* "unknown claimants", "known claimants" must be the among the groups of people to whom the notice would be presumptively addressed.

The facts in the case at hand are simple. Claimant and her attorney relied on language used by the United States District Court. That language referred to all persons. Now, plaintiff, the United States of America, asks this Court to read *all per-*

sons as *all persons except claimant.* In addition, plaintiff provides no authority for such an interpretation. This Court, therefore, rejects plaintiff's proposed reading. Claimant, in response to plaintiff's motion to strike the claim and answer of Kimberly Renai, filed, with this Court, a motion to file a claim outside of the time limits. (D.I. 18.) Since this Court finds that Kimberly Renai's claim and answer were filed within the appropriate time limits, claimant's motion to file outside those limits is moot, and will therefore be denied.

## V. CONCLUSION

For the reasons stated above, this Court will deny plaintiff's motion to strike the claim and answer of Kimberly Renai. Since this Court finds that claimant's motion to file a claim outside of the time limits is moot, it will also be denied. An order will be entered forthwith in accordance with this opinion.