## Case No. 14,767.

### UNITED STATES v. CERTAIN PIECE OF LAND.

[1 Sawy. 84:[1] 11 Int. Rev. Rec. 126; 17 Pittsb. Leg. J. 128.]

District Court, D. California. March 31, 1870.

INTERNAL REVENUE—FORFEITURE—EXTENT OF—REAL ESTATE CONNECTED WITH DISTILLERY—USE.

The lot or tract of land, as intended in sections 6–8, 44, of the Act of 1868 [15 Stat. 126], of which a description is to be given, or which is required to be unencumbered, or for the value of which a bond is to be given, and which it is forbidden to encumber, and which under section 44 may be forfeited, is as declared in section 7, the real estate and premises connected with the distillery, that is used in connection therewith to facilitate the carrying on of the business and conducive to that end, and does not include such pastures, orchards and vineyards as are in no other way connected with such distillery than that they are contiguous and under the same ownership.

[This was an action for forfeiture of a certain piece of land claimed by V. Spreckens.]

F. M. Pixley, for the United States.

J. J. Williams, for claimant.

HOFFMAN, District Judge. This action is brought to enforce a forfeiture under the forty-fourth section of the act of 1868. The section provides, in substance, that any person who shall carry on the business of a distiller, etc., without having paid the special tax, or without having given bonds as required by law, shall forfeit all the right, title and interest of such person in the spirits, wines, stills, apparatus, etc., owned by such person, and the personal property found in the distillery or rectifying establishment, or in the store or other place of business of the compounder, or any building, room, yard, or enclosure connected therewith and used with or constituting part of the premises, and all the right and interest therein of such person in the lot or tract of land on which such distillery is situated.

At the trial, the violation of the law was

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

clearly proved, and the only question that arises is as to the extent of the forfeiture under the last cited clause of the act. It appears that the claimant is the owner of a tract of land or farm one hundred and thirty acres in extent. It is variously cultivated, and consists of fruit orchards, vineyards of several varieties of grapes, a pasture lot, barley field, and a mountainous and wooded tract not under cultivation.

It is claimed on the part of the United States that the whole of this farm is forfeited as constituting the "lot or tract on which the distillery is situated." It is apparent that if the statute is to be so construed in this case, it must receive the same construction in all cases, notwithstanding that the tract of land may be a rancho many square leagues in extent. The statute would thus be construed to impose a forfeiture of all the real estate owned by the offender, of which the site of the distillery formed a part.

The operation of such a law would not only be harsh but unequal—for it would make the amount of the forfeiture depend, not on the value of the distillery establishment and the presumed magnitude of its operations, but upon the accidental circumstance that the illicit distiller happened to own a large tract, on the corner of which a still, perhaps of insignificant proportions, was erected.

In section 7, the forfeiture for failing or refusing to give bond is, "of the distillery, etc., and all real estate and premises connected therewith." There would seem to be in this section an intention to limit the forfeiture to such real estate and premises as were used in connection with, or as auxiliary to, the illicit business.

The statute not only punishes the offender personally, but it regards the instruments and apparatus he has used in the commission of the offense, or which are conducive to the carrying on of the business, as tainted with the crime, and confiscated. But real estate, pasture, orchard, or wood lots, the homestead of the family, etc., which have no connection with the unlawful business, which were not used in it, or contributed in any degree to facilitate its prosecution, are not by the 7th section declared to be forfeited.

The 8th section provides that no bond of a distiller shall be approved unless he is the owner in fee of the lot or tract of land on which the distillery is situated, or unless he shall file the written consent of the owner, mortgagee, judgment creditor, etc., that the lien of the United States for taxes and penalties shall have priority, etc.

In case the distillery is on leased premises, a bond may be substituted, of which the penal sum is to be the appraised value of said "lot or tract of land," together with the buildings, distilling apparatus, etc.

If, under this section, the owner of a rancho several square leagues in extent, should offer his bond for approval, would the assessor be required to reject it, if it should

appear that a tract of a few hundred acres, perhaps five or ten miles distant from the distillery, was under mortgage? Or if a leaseholder were to make a similar application, should he be required to give a bond of which the penal sum must be the appraised value of the entire rancho?

The same question is presented under section 6. By that section the distiller is required to give "a particular description of the lot or tract of land on which the distillery is situated." Is he, under this section, to give the boundaries of his whole rancho, and to include all the real estate owned by him not separated by intervening property from the spot on which the distillery is erected? By the 7th section, the distiller is required to give bond that he will not suffer the "lot or tract of land on which the distillery stands, or any part thereof, to be encumbered by mortgage, judgment or other lien." Is this to be construed as prohibiting him from mortgaging, or perhaps even selling any part of the farm or rancho within the exterior boundaries in which the distillery is situated?

It seems to me that to these questions but one answer can be given. The lot, or tract of land of which a description is to be given, or which is required to be unencumbered, or for the value of which a bond is to be given, and which it is forbidden to encumber, and which under section 44 may be forfeited, is, as declared in section 7, the real estate and premises connected with the distillery; that is, used in connection therewith, to facilitate the carrying on of the business, and directly or indirectly conducive or contributory to that end. It will include all buildings, yards, enclosures, offices, stables, wine-cellars. etc., used in the illicit business. But it ought not to include dwelling-houses, pasture or sowing lots, etc., or village lots and houses, which, though owned by the offender, are not in any way employed in his business as a distiller, which may be occupied or rented by other persons, and which, so far as the illicit manufacture is concerned, might as well have belonged to any one else.

The language of the statute is "lot or tract" of land. The latter word may have been used as synonymous with the former and to indicate a village or town lot which, being of definite boundaries and usually of limited size, might not unreasonably be deemed to be used and occupied for the purposes of the illicit business. An adjoining lot, though owned by the offender, would not under this provision be forfeited. It would be strange if the circumstance that the distillery was situated on an extensive farm in the country, should involve in the forfeiture, pasture, grain and wood lots, orchards, vineyards. dwelling-houses, and even it might be village lots, remote from the scene of operations of the distillery and having no connection with it.

In the plat of the survey of the farm sought to be forfeited in this case, there is laid down a tract of land a few acres in extent, adjacent to the distillery, and including that building, the wine-shed, tank, etc. It is separated by a road from a vineyard of table grapes, which lies on the west; on the north, by a road running near or along a brook, from a barley field; on the east, by a fence, from a pasture lot; and on the south it is bounded by the exterior boundaries of the farm. It seems to me that to this tract the forfeiture should be limited. A judgment to this effect will be entered.