UNITED STATES of America, Plaintiff,

v.

ALL THAT TRACT OR PARCEL OF LAND, LYING AND BEING DESCRIBED AS MAP 2535, CENSUS TRACT 075.00, ANHOURY TERRACE ADDITION, LOT 10, NO BLOCK GRID; Said Tract Being Improved Property and Known as 5036 Northeast Sumner Street, Portland, Multnomah County, Oregon, According to the Present System of Numbering Houses in the City of Portland, Oregon, Defendant.

Civ. No. 88–1332–FR.

United States District Court, D. Oregon.

Nov. 22, 1989.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., for plaintiff.

Gareld Joel Gedrose, Portland, Or., for claimant Gerald Petrina.

Ronald H. Hoevet, Hoevet, Snyder, Neuberger & Miller, P.C., Portland, Or., for Ronni Petrina.

FRYE, District Judge:

The matters before the court are the following motions in this civil forfeiture action:

1) the motion of the United States for summary judgment (# 21);

2) the motion of Ronni Petrina for leave to file a claim out of time (# 28); and

3) the motion of claimant Gerald Petrina to suppress evidence seized and statements made (# 33).

## BACKGROUND

This is a civil *in rem* forfeiture action brought against a residence located in northeast Portland. The residence is the home of Gerald and Ronni Petrina and their two children. A search warrant was obtained to search the residence on August 28, 1988, and a search was conducted on the same day. During the course of the search, Gerald Petrina showed the officers a shelf suspended from the ceiling of the garage. The shelf contained a kilogram of cocaine, a scale, and packaging materials. Gerald Petrina was arrested and was subsequently convicted upon his plea of guilty of the crime of possession of cocaine with the intent to distribute. Gerald Petrina was sentenced to thirty-six months in federal prison.

The property was seized pursuant to a Seizure Warrant issued by United States Magistrate William M. Dale on August 30, 1988. The property was arrested and brought within the jurisdiction of this court by a Warrant of Arrest *in rem* dated December 6, 1988. Service was made in accordance with the Admiralty Rules and the Federal Rules of Civil Procedure, and notices were published in the *Oregonian* newspaper on January 17, 24, 31 and Feb-

ruary 7, 1989. Gerald Petrina filed a timely claim to the property.

## ANALYSIS AND RULING

1. *Motion to File a Claim Out of Time*

■ Ronni Petrina, the wife of claimant Gerald Petrina, moves for permission to file a claim out of time. While Ronni Petrina does not have title to the property, she claims an equitable, undivided one-half interest in the residence as a result of her marriage to Gerald Petrina and her contribution to the marital estate during their eight years of marriage.

Ronni Petrina received notice of the forfeiture action at the same time as Gerald Petrina. She did not file a timely claim to the property. Ronni Petrina explains her failure to file a timely claim by stating: "I was unaware that a separate claim to the property had to be filed in order to defend my undivided one-half interest against civil forfeiture by the government." (Verification to Claim of Ronni Petrina.)

When the depositions of Ronni and Gerald Petrina were taken on March 2, 1989 by the government, attorney Richard L. Fowlks appeared on behalf of both Gerald and Ronni Petrina. During her deposition, Ronni Petrina stated her belief that she had an interest in the residence.[1]

If allowed to file a claim, Ronni Petrina has expressed her intent to challenge the search and seizure of the residence as violative of the Fourth Amendment and to assert the defense of innocent ownership.

■ Under Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the court may in its discretion allow additional time in which to file a claim. *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432, 1435 (9th Cir. 1985). Generally, additional time is granted only where there is evidence of mitigating circumstances, such as lack of notice. *United States v. Beechcraft Queen Airplane,* 789 F.2d 627, 630 (8th Cir.1986). In *Yukon Delta,* for instance, leave to file a verified claim was granted where the claim-

ants had filed a timely answer and the government had proceeded for over a year as if the claim was properly filed. 774 F.2d at 1436.

■ However, a district court does not abuse its discretion by requiring strict compliance with Rule C(6). *Beechcraft Queen,* 789 F.2d at 630. Where the government does not waive its objections and there are no mitigating circumstances, a request to file a late claim may be denied. *Yukon Delta,* 774 F.2d at 1436.

In this case, Ronni Petrina has presented no credible explanation for her failure to file a timely claim. She and Gerald Petrina were represented by an attorney during the time that Gerald Petrina's claim was filed and the depositions were taken. The court finds that Ronni Petrina has not made a showing of excusable neglect or other mitigating circumstances sufficient for this court to allow additional time in which to file a claim. Therefore, her motion for leave to file a claim out of time is denied.

2. *Motion to Suppress Evidence and Statements*

■ Claimant Gerald Petrina moves to suppress all evidence seized during the execution of the search warrant on August 28, 1988, including statements made by Gerald Petrina. The motion attacks the sufficiency of the affidavit underlying the search warrant. Petrina also states that he has filed a habeas corpus petition under 28 U.S.C. § 2255, in which he is requesting the court to allow him to withdraw his guilty plea and to litigate the validity of the search and seizure of his residence.

Gerald Petrina does not explain whether he seeks to suppress the admissions made in his deposition, as well as the statements made at the time of the search of the residence. In his deposition, taken after he was granted use immunity, Gerald Petrina stated that he "let them in the house," and that he then telephoned attorney Des Connall, who advised Petrina not to say any

---

1. Ronni Petrina's current attorneys state that it is inexplicable to them that Fowlks failed to file a claim on behalf of Ronni Petrina either before or after the deposition.

more and to ask the agents to leave the house. (Gerald Petrina Deposition, p. 32.) Petrina stated that after the agents refused to leave, Petrina showed them where the cocaine was in the garage. (*Id.*)

In his deposition, Gerald Petrina also admits that he had used the residence over a two-year period to possess cocaine and to weigh and divide it into smaller portions for distribution. (Depo. at pp. 9, 19.) Petrina admitted that he had made cash profits of approximately $25,000 for his services over the two-year period, and that he had secreted such cash near the stairway in the residence. (Depo. at pp. 10, 34.) Petrina also stated that he used the profits from cocaine to buy luxuries for his family. (Depo. at p. 11.)

The Ninth Circuit has held that a guilty plea may be used to collaterally estop a claimant in a later forfeiture case, even if the guilty plea did not meet the requirements of Fed.R.Crim.P. 11. *United States v. $31,697.59 Cash*, 665 F.2d 903, 905 (9th Cir.1982). Where the defendant has foregone opportunities to litigate his defenses at trial or on direct appeal, he may not use the forfeiture pleadings to raise such defenses. *Id.* at 906. Therefore, Gerald Petrina may not now move to suppress evidence where he gave up the opportunity to make such a motion in the criminal proceedings.

Moreover, Gerald Petrina has not made a showing which would support suppression of his evidence and statements. In his motion to suppress, Petrina argues only that the affidavit underlying the warrant was insufficient. However, the undisputed evidence before this court indicates that Gerald Petrina let the agents into his house, and that he subsequently showed them where the cocaine was, against the advice of an attorney. Petrina appears to have waived the necessity for the search warrant by consenting to the search.

Gerald Petrina argues that this forfeiture action should await the results of his habeas corpus petition. However, after the petition was filed on July 28, 1989, no further steps have been taken to prosecute the habeas corpus action. There has been no showing of a likelihood of success of the petition that would justify the delay of this forfeiture action. Therefore, Gerald Petrina's motion to suppress is denied.

### 3. *Motion for Summary Judgment*

The government moves for summary judgment of forfeiture against claimant Gerald Petrina and against any other potential claimant. Real property which has been used to possess, distribute or facilitate the possession, distribution or concealment of a controlled substance is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

In civil forfeiture actions brought under 21 U.S.C. § 881, there is a shifting burden of proof at trial and on a motion for summary judgment. 19 U.S.C. § 1615. The government must make an initial showing that there was probable cause to institute the forfeiture proceeding. Once probable cause is established, the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture is applicable. *United States v. One Parcel of Real Property*, 712 F.Supp. 810 (D.Or.1989).

Probable cause for forfeiture is generally defined as reasonable grounds for belief of guilt, supported by less than prima facie proof, but more than a mere suspicion. *Yukon Delta, supra*, 774 F.2d at 1434. In this case, there is ample evidence supporting a finding of probable cause. When this court issued its order for the arrest of the residence, it made a determination that there was probable cause to believe that the residence had been used to possess and distribute cocaine. Gerald Petrina's conviction, upon his guilty plea, of possession with intent to distribute cocaine is further evidence of probable cause.

Moreover, Gerald Petrina's admissions in his deposition are, in themselves, sufficient evidence to support the forfeiture. Gerald Petrina admitted that he had used the residence over a two-year period to possess cocaine and weigh and divide it into smaller portions for distribution. Petrina admitted

that he had made cash profits of approximately $25,000 for his services over the two-year period, and that he had secreted such cash near the stairway in the residence.

 Petrina has not responded to the government's showing with evidence that could establish a defense to forfeiture. Petrina relies first on his motion to suppress, which is denied. Petrina also contends that this court should apply the doctrine of judicial restraint and find that the private harm which would result from the forfeiture would outweigh the public good which might be achieved.

The federal courts have applied the doctrine of judicial restraint in certain cases where only a small portion of a piece of land was used for criminal purposes. *See United States v. Certain Piece of Land,* 25 F.Cas. 366, 366–67, No. 14, 767 (D.Cal. 1870). However, the Ninth Circuit has used the doctrine of judicial restraint sparingly in these kinds of cases. In *United States v. Tax Lot 1500,* 861 F.2d 232, 235 (9th Cir.1988), the court refused to apply the doctrine where the claimant had used a small portion of his property to grow marijuana plants. At the time of the claimant's arrest, the plants were small and were worth less than $1,000, in contrast to the value of the land, which was approximately $95,000. *Id.* at 233. The court concluded that judicial restraint was inappropriate where the claimant had taken the risk of starting an extensive marijuana growing operation on his land. *Id.* at 235.

The undisputed evidence in this case indicates that the value of the kilo of cocaine was approximately $16,000, and the value of the defendant residence is approximately $45,000. This difference in values is not disproportionate, especially in light of the fact that the kilo of cocaine seized on August 28, 1988 was not the only cocaine which had been kept in the residence. The court concludes that it would not be proper to apply the doctrine of judicial restraint in this case.

In summary, claimant Gerald Petrina has not met his burden to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture is applicable. The government's motion for summary judgment is granted.

## CONCLUSION

The motion of the United States for summary judgment (# 21) is granted. The motion of Ronni Petrina for leave to file a claim out of time (# 28) is denied. The motion of claimant Gerald Petrina to suppress evidence seized and statements made (# 33) is denied.