BOWNES, Senior Circuit Judge.
 

 The sole issue in this forfeiture case is whether the district court abused its discretion in striking the claim of appellant Miriam Ruth Gelabert Alvarez to the forfeited properties because it was filed out of time. We find that the district court did not abuse its discretion.
 

 Rule C(6) of the Supplemental Rules For Certain Admiralty and Maritime Claims frames the time requirements for filing a claim in forfeiture proceedings. It provides in pertinent part:
 

 (6) Claim and Answer; Interrogatories. The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim.
 

 The claimant-appellant did not file her claim until thirty-seven days after process was executed. She argues that the district court abused its discretion in not allowing her additional time to file. Our assessment of whether the district court abused its discretion is made in light of the facts available to the trial judge.
 

 I.
 

 The forfeiture proceeding was commenced by the government on March 7, 1991, pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 881(a)(6) and (a)(7), and the Money Laundering Act, 18 U.S.C. § 981. Claimant was personally notified of the forfeiture proceedings on March 27, 1991, when she appeared at the United States Marshal’s Office in San Juan accompanied by an attorney. Notice was also given by publication in
 
 El Nuevo Dia,
 
 a newspaper of general circulation in Puerto Rico, on March 25, April 2, and April 10, 1991. Claimant filed a claim to the properties and an answer to the forfeiture complaint on May 3, 1991. This was thirty-seven days after claimant had received personal notice of the forfeiture proceedings at the United States Marshal’s Office.
 

 There were other facts available to the court bearing on the question of abuse of discretion. Claimant’s husband, Fernando Faccio-Laboy, was indicted and, after trial, convicted for conspiring to buy fifty kilograms of cocaine from a confidential informant working for the Drug Enforcement Administration. The “buy” took place in an apartment building known as the Feria Court Condominium on August 15, 1990. After the arrest of claimant’s husband, the government started forfeiture against Fac-cio’s interest in the Feria Court Development Corp., owner of the building in which the cocaine transaction took place. Claimant was notified of this forfeiture on October 10, 1990. She did not appear and the property owned by her husband was sold. After further investigation, the government discovered that claimant’s husband had an extensive money laundering operation consisting of a number of real estate development corporations and real property. It brought another forfeiture case against the development corporations and real estate held by them. This is the forfeiture case giving rise to claimant’s appeal.
 

 On May 17, 1991, the United States moved that appellant’s claim be stricken because of late filing. Its motion was granted on December 17, 1991. Claimant
 
 *778
 
 moved for reconsideration on December 23, 1991.- The motion was denied on January 8, 1992.
 

 II.
 

 Claimant argues that her late filing was due to “disorientation and confusion” brought on by her husband’s indictment for drug dealing. In her claim she alleged that she owned a 50% interest in a mortgage note payable to her husband and herself in the amount of $19,055.00, described as property A in the forfeiture, and a 50% interest in the real estate referred to as property B in the forfeiture. Paragraph 3 of appellant’s claim states:
 

 3. That claimant demands restitution, of her interest in such property based on the fact that no illegal act or conduct has been performed in these properties; said properties have not been used or intended to be used to commit or facilitate the commission of any crime; said properties are not values [sic] furnished or intended to be furnished in exchange for a controlled substance, nor are they proceeds traceable to such an exchange; and claimant or her property has nothing to do with the acts or omissions of other persons on such property, that she had no knowledge of any acts that could be committed nor she had reasons to believe that any illegal act was being committed in her property.
 

 Claimant argues that the district court applied the wrong standard in ruling on her motion to accept late filing of her claim. The standard applied, according to claimant, was that Rule C(6) “must be construed to the letter, no matter what excuse the finding party may provide.” Brief at 4. In striking claimant’s claim the district judge stated:
 

 The claimant has failed to comply with the Rule C(6) Supplemental Rule to the Federal Rules of Civil Procedure, ten day deadline. Accordingly, its claim must be STRICKEN from the record.
 

 Although the order if read in a vacuum could be interpreted as claimant does, the judge had before him claimant’s pleading pointing out that discretion was available, and although the government’s opposition initially suggested or implied an absence of discretion (absent a timely motion to enlarge time), it went on to paraphrase case law recognizing such discretion and then disputed the adequacy of the justification in this case. Under these circumstances, we must assume that the district judge was aware that under the Rule he had the authority to give claimant more than ten days in which to file a claim. We also must assume that the judge was fully aware of the background facts, and particularly that claimant was accompanied by an attorney when she was notified of the forfeiture proceedings against the properties, and her prior exposure to forfeiture proceedings.
 

 III.
 

 Our review is under the abuse of discretion standard.
 
 U.S. v. One Dairy Farm,
 
 918 F.2d 310, 311 (1st Cir.1990).
 

 Before a claimant in a forfeiture case can file an answer and defend on the merits, a claim must be filed. If no claim is filed, a putative claimant lacks standing to contest a forfeiture.
 
 U.S. v. One Dairy Farm,
 
 918 F.2d at 311.
 
 U.S. v. One Urban Lot Located At 1 Street A-1,
 
 885 F.2d 994, 999 (1st Cir.1989). There can be no doubt that a district court can extend the ten-day deadline for filing a claim. That is a matter within the district judge’s discretion. In light of the record facts in this case, there is no basis for a finding that the district court abused its discretion in imposing the ten-day restriction.
 

 Affirmed.