**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

LEROY RAGIN,
<u>Claimant-Appellant,</u>

No. 94-1970

and

215 PEYTON ROAD S.W., ATLANTA
(DESCRIBED AT DEED BOOK 10344,
PAGE 496, LAND RECORDS OF FULTON
COUNTY, GA)AND $4,290,
<u>Defendant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-93-165-3-MU)

Submitted: March 10, 1997

Decided: May 21, 1997

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leroy Ragin, Appellant Pro Se. B. Frederic Williams, Jr., OFFICE
OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leroy Ragin appeals the district court's order adopting the magis-
trate judge's recommendation to deny his motion for extension of
time in which to file a claim of ownership and to grant the govern-
ment's motion for default judgment in his civil forfeiture case. We
grant Ragin leave to proceed in forma pauperis and affirm.

I.

The United States filed a complaint for in rem  civil forfeiture of
certain property owned by Leroy Ragin pursuant to 18 U.S.C. § 981
(1994), and 21 U.S.C. § 881 (1994). This property included the real
property located at 215 Peyton Road at issue here. On May 27, 1993,
a lis pendens on this property was filed. Consistent with the law
at
that time, the warrant for arrest in rem had been issued upon an ex
parte demonstration of probable cause before a magistrate judge,
and
Ragin did not have an opportunity to be heard prior to the issue of
the
warrant.

On June 13, 1993 Ragin was served with the complaint, warrant for
arrest in rem, and accompanying orders, and he signed an acknowl-
edgment to that effect. Ragin also has acknowledged that he
received
a "Notice and Acknowledgment of Receipt of Complaint, Warrant for
Arrest In Rem and Order" which in pertinent part stated ". . . you
(or
the party on whose behalf you are being served) must file a claim
within 10 days and answer the complaint within 20 days. If you fail
to do so, judgment by default will be taken against you for the
relief
demanded in the complaint."

The government on July 8, 1993 moved for entry of default given
Ragin's acknowledgment of receipt of service and his subsequent
fail-
ure to file a claim of ownership within the above time limits, as

required of him by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. On that date, default, but not default judgment, was entered by the clerk, who recited that as of that day Ragin had failed to file a claim, answer, or responsive pleading.

Ragin did not file his response to the complaint until August 3, 1993. In that response he neither explained his failure to file a claim of ownership nor requested an extension of time.

On September 13, 1993 the government moved for judgment of forfeiture by default, or in the alternative, judgment on the pleadings. On September 23, 1993, Ragin filed a "Motion to File Out of Time" and a claim of ownership as to the property, 102 days after he received notice. The claim was unverified.[1]

On November 5, 1993 the district clerk's office received from Ragin a set of documents, with a handwritten letter declaring the papers to constitute his answer to the motion for default judgment. The magistrate judge noted that although it appeared the clerk's office did not formally accept the submission for filing and tabulating, the government responded to it on November 23, 1993.

On January 31, 1994 the magistrate judge filed his decision recommending the denial of Ragin's motion to file his claim out of time and the granting of the government's motion for entry of default judgment in the forfeiture proceeding. First, the magistrate judge construed Ragin's motion filed after default as arising under Federal Rule of Civil Procedure 6(b)(2) (Enlargement of Time), rather than the more stringent requirements of Rule 55(c) (Setting Aside Default). Rule 6(b)(2) permits a court to exercise its discretion to order an extension even after the expiration of a specified time period, but only for "cause shown" and if the failure to act in a timely fashion was the result of excusable neglect. The magistrate judge noted that such a motion must also comply with the requirements of Rule 7(b)(1) that the application state with particularity the grounds therefor, and it must allege the facts constituting excusable neglect, such that mere assertion of excusable neglect unsupported by facts is insufficient.

_____

[1] We need not and so do not attach significance to the fact that various papers of Ragin's were not verified.

Fed. R. Civ. P. 7(b)(1). See 4A Wright & Miller, _Federal Practice and Procedure_, § 1165 (2d ed. (1987)). The magistrate judge observed that because Rule 55(c) imposes the additional requirements that the party in default act quickly to correct the default and assert a meritorious defense to the claim, if Ragin did not meet the requirements of Rule 6(b) (which Rule 55(c) includes), then _a fortiori_ Ragin would not satisfy the requirements of Rule 55(c).

As to the second motion, the magistrate judge recommended granting the government's motion for entry of judgment of forfeiture by default under Federal Rule of Civil Procedure 55(b)(2) (Default Judgment by Court). Rule 55(b)(2) allows the court in its discretion to enter a judgment of default where the party entitled to the judgment applies to the court, and if the party against whom it is sought has appeared in the matter, that party must be served written notice of the application at least three days prior to the hearing on such application. Fed. R. Civ. P. 55(b)(2). Finding that Ragin had been properly served written notice and, that even in the light most favorable to him, he had shown neither good cause or excusable neglect for failing to timely file his claim of ownership, the magistrate judge recommended entering the default judgment. He noted, in weighing the possible equities, that if the _pro se_ claimant had advanced even an inchoate basis of a meritorious defense, perhaps denial of the motion might be in order. However, the magistrate judge found no such defense in Ragin's submission. Having recommended the granting of the motion for default judgment, the magistrate judge did not reach the question of judgment of forfeiture on the pleadings.

Ragin objected to the magistrate judge's recommendations. On June 27, 1994 the district court adopted the magistrate judge's recommendation and entered a judgment of forfeiture by default or alternately judgment of forfeiture on the pleadings.

II.

On December 13, 1993, _United States v. James Daniel Good Real_

<u>Property</u>, 510 U.S. 43 (1993), established that in civil forfeiture pro-
ceedings, absent exigent circumstances, Fifth Amendment Due Pro-
cess concerns require the government to provide both pre-seizure
notice and a meaningful opportunity to be heard. We applied this
rule

4

in the case of Ragin's aunt, <u>United States v. Marsh</u>, 105 F.3d 927 (4th Cir. 1997), and found that in that case, the remedy for a forfeiture proceeding in which real property was seized without a pre-seizure hearing was a government accounting for the seizure of the rents derived from the property seized during the period of illegal seizure. 105 F.3d at 931.

In <u>Marsh</u> we noted that insofar as the case was still on direct appeal when the rule in <u>Good</u> was announced, the claimant was not precluded from availing herself of that rule. <u>Marsh</u> , 105 F.3d at 931 (citing <u>Harper v. Virginia Dep't of Taxation</u> , 509 U.S. 86, 96-97 (1993)). However, the judgment of forfeiture in Ragin's case differs from <u>Marsh</u> in that here the judgment resulted from Ragin's failure to timely file a claim of ownership, and the consequent entry of default judgment.

Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims governs the time requirements for filing a claim in forfeiture proceedings. It provides in relevant part:

> (6) Claim and Answer; Interrogatories. The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after filing the claim.

It is well established that before a claimant in a forfeiture case can file an answer and defend on the merits, the claimant must file a claim of ownership. In the absence of a timely filed claim, the claimant lacks standing to contest a forfeiture. <u>United States v. One Urban Lot</u>, 978 F.2d 776, 778 (1st Cir. 1992); <u>United States v. $38,570 U.S. Currency</u>, 950 F.2d 1108, 1114-15 (5th Cir. 1992); <u>United States v. Currency in the Amount of $2,857.00</u>, 754 F.2d 208, 212-13 (7th Cir. 1985); <u>United States v. Properties Described in Complaints</u>, 612 F. Supp. 465 (N.D. Ga. 1984), <u>aff'd</u>, 779 F.2d 58 (11th Cir. 1985) (table).

Ragin acknowledged that he was served with the complaint and

5

warrant for arrest _in rem_ on June 13, 1993. **2** As of July 8, 25 days later, Ragin had filed neither a claim nor any other response. Consequently, the government requested a default pursuant to Rule 55(a), and the clerk properly entered the default on the same date. Ragin still did not respond until August 3, and this filing, some 51 days after he was served with the complaint did not include a claim of ownership and did not explain his failure to file one. Rather, in it Ragin merely recited a baseless claim that the forfeiture proceeding was the result of a government conspiracy against him.

Pursuant to Rule 55(b) the government, on September 13, 1993, filed its motion for default judgment. Because the judgment involved the forfeiture of a res, and not a sum certain, the motion was properly made to the court under Rule 55(b)(2), rather than to the clerk under 55(b)(1). F. R. Civ. P. 55(b). Subsequently, on September 23, Ragin filed an unverified claim of ownership, along with a motion to file out of time. This was 102 days after June 13, 1993, the date as of which Ragin acknowledged service of the warrant for arrest _in rem_. A review of the filings reveals that Ragin's only explanation for his failure to timely file a claim was that he says he mistakenly believed that signing the Acknowledgment of Receipt constituted filing a claim,

_____

**2** The complaint, warrant for arrest _in rem_, and accompanying orders were mailed to Ragin pursuant to the then existing Federal Rule of Civil Procedure 4(c)(2)(C)(ii). That rule provided for service of process by "the mailing of a copy of the summons and of the complaint (by first-class mail, postage pre-paid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially with form 18-A and a return envelope, postage pre-paid, addressed to the sender." F. R. Civ. P. 4(c)(2)(C)(ii) (West 1993). The notice the government submits as the one it sent to Ragin is styled after form 18-A, as is the Acknowledgment of Receipt Ragin signed. While the record does not indicate the manner of mailing, there is no doubt that Ragin

received the
service and had actual notice of the forfeiture proceedings.

We have held that "the real purpose of service of process is to give
notice to the defendant that he is answerable to the claim of the plaintiff"
and that "where actual notice of the commencement of the action and the
duty to defend has been received by the one served," service under Rule
4(d) "should be liberally construed to effectuate service and uphold the
jurisdiction of the court . . . ." Karlsson v. Rabinowitz, 318 F.2d 666,
668-669 (4th Cir. 1963).

6

due to an alleged ambiguity in the wording of the Acknowledgment of Receipt. However, we find the explanation of the ten-day rule contained in the Acknowledgment of Receipt to be both accurate and unambiguous.

Accordingly, Ragin having failed to file his claim until 102 days after required service, and the district court within its discretion having refused to accept the claim filed out of time, Ragin lacked standing to challenge the forfeiture. One Urban Lot, 978 F.2d at 778; United States v. $38,570 U.S. Currency, 950 F.2d at 1114-15. Standing being a jurisdictional requirement, and because Ragin lacked standing, the court did not have jurisdiction to enter an order as to the merits of the forfeiture at the instance of Ragin.

Additionally, even though the court's final order, that Ragin lacked standing, was not entered until its judgment on June 27, 1994, which was after Ragin contended that Good applied, any orders by the court giving relief under Good before the judgment would have been void following such a final judgment finding no jurisdiction to entertain Ragin's claims. See United Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76 (1988) (finding that where district court lacked jurisdiction over the underlying matter the issuance of a subpoena was void and order of civil contempt based on refusal to honor the subpoena required reversal).

We recognize that one case has required an accounting for rents under Good even though the forfeiture resulted from a default judgment. See United States v. 51 Pieces of Real Property Roswell N.M., 17 F.3d 1306, 1316 (10th Cir. 1994) (requiring accounting for rent collected where judgment of forfeiture followed entry of default judgment in favor of government). In 51 Pieces, however, the court held there was no jurisdiction over the real estate because of process sent outside the State, a condition not appertaining here, so that case is not inconsistent with our decision.

Of course, the district court could have granted Ragin's motion to file outside the ten-day deadline for filing a claim. That is a decision which we review for abuse of discretion. One Urban Lot, 978 F.2d at 777; United States v. Borromeo, 945 F.2d 750, 753-54 (4th Cir.

1991). Whether a claimant's circumstances constitute excusable

neglect under Rule 6(b)(2) "is equity ridden, and the peculiar facts of each case involve different equities." <u>Borromeo</u>, 945 F.2d at 753. We are of opinion that the district court did not abuse its discretion in finding that Ragin did not show his delay was due to excusable neglect. The equities here plainly are on the side of the government. Likewise, we agree that where Ragin could not meet Rule 6(B)(2)'s standard of excusable neglect, he could not get relief under Rule 55(c), owing to its additional requirements of quick remedial action and a meritorious defense.

III.

In conclusion, where Ragin's claim of ownership and answer were not timely filed, the district court acted within its authority in entering a judgment of forfeiture by default. Ragin's failure to file a timely claim of ownership deprives him of standing to challenge the forfeiture.

We therefore affirm the district court's order adopting the magistrate judge's recommendation and entering a judgment of forfeiture in favor of the government. We dispense with oral argument because the facts and legal contentions are adequately presented by the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

8