**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY LOCATED AT INCLINE VILLAGE et al., Defendants.**

**No. CV–N–90–0130–ECR.**

United States District Court, D. Nevada.

July 2, 1997.

**1322**

Harry A. Harbin, Asst. Chief and Mark D. Rubino, Trial Atty., U.S. Dept. of Justice, Criminal Div., Asset Forfeiture and Money Laundering Section, Washington, DC, for Plaintiff U.S.

David B. Smith, English & Smith, Alexandria, VA, for Violet Degen.

Lawrence S. Robbins, Alan E. Untereiner and Robert L. Bronston, Mayer, Brown and Platt, Washington, DC, for Brian Degen.

## ORDER

EDWARD C. REED, Jr., District Judge.

This is a civil action *in rem* by the United States to forfeit certain property as the fruits or instrumentalities of crime, pursuant to the Controlled Substances Act of 1970, 21 U.S.C. § 881. On January 30, 1997, the court ruled that Claimant Brian Degen was entitled to recover from Plaintiff the United States the rents accrued on real property seized from him by the government without affording him any pre-seizure notice and opportunity to contest the existence of probable cause, in violation of Degen's rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution. *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). The facts and prior proceedings in this matter are set out in the court's Order of January 30, 1997 (Doc. #143); that Order is published as *United States v. Real Property Located at Incline Village,* 958 F.Supp. 482 (D.Nev.1997).

In accordance with the prior instructions of the court, Claimant Degen furnished proof of his ownership interests in the items of real property the rents accrued on which he was entitled to under *Good.* The court issued its findings of fact and conclusions of law regarding the nature and extent of Claimant's ownership interests in ten separate items of real property. The court found that one of those items, certain residential real property located at 6668 West Lake Boulevard, in Homewood, California, was held not solely by Claimant Degen, but in joint tenancy by him and his mother, Violet Degen. The court made this finding despite the assertion, in a sworn declaration by Violet Degen, that her "intent" in transferring ownership of the property, by grant deed dated August 31, 1978, was to convey sole and exclusive ownership to her son, Claimant herein. The language of the grant deed, the court concluded, expressed a clear intent to create a joint tenancy in Violet Degen and Brian Degen, and therefore created a valid joint tenancy

under California real property law, Cal. Civ. Code § 683. Because under California law the express language of a deed may not be overcome by parol evidence, *Mello v. Weaver*, 36 Cal.2d 456, 224 P.2d 691 (1950); *Nathan v. Dierssen*, 134 Cal. 282, 66 P. 485 (1901), Violet Degen's declaration of her subjective intent was a nullity. She is joint owner with her son of the property at 6668 West Lake Boulevard. Order filed April 28, 1997 at 16 (Doc. #162).

Violet Degen has now moved (Doc. #166) for leave to file her own claim to the West Lake Boulevard house. The United States opposes (Doc. #169) on the grounds that under Fed.R.Civ.P. Supp. R. C(6), a claim to property upon which civil *in rem* process has been executed must be filed within ten days after execution of that process.

Procedure in civil *in rem* forfeiture actions is governed by the Federal Rules of Civil Procedure to the extent consistent with the Supplemental Rules for Certain Admiralty and Maritime Claims, and otherwise by the Supplemental Rules themselves. *See* 18 U.S.C. § 981(b)(2); 21 U.S.C. § 881(b); *United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1208 (9th Cir.1996); *United States v. 105,800 Shares of Common Stock of FirstRock Bancorp, Inc.*, 825 F.Supp. 191 (N.D.Ill.1993); *United States v. $5,372.85 United States Coin and Currency*, 283 F.Supp. 904 (S.D.N.Y.1968).

■ In a civil forfeiture proceeding it is the valid seizure of the *res* which confers *in rem* jurisdiction; the seizure is prerequisite to the initiation of the action. *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992); *The Brig Ann*, 13 U.S. (9 Cranch) 289, 3 L.Ed. 734 (1815). A court must have actual or constructive control of the *res* when an *in rem* forfeiture action is commenced. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 57–58, 114 S.Ct. 492, 502–03, 126 L.Ed.2d 490 (1993). The "seizure of the *res*, and publication of the monition or invitation to appear is regarded as equivalent to the particular service of process in law and equity." *Republic Nat'l Bank*, 506 U.S. at 85, 113 S.Ct. at 557 (quoting *Taylor v. Carryl*, 61 U.S. (20 How.) 583, 589, 15 L.Ed. 1028

(1858)). "The seizure of the property, as thus seen, is made the foundation of the subsequent proceedings. It is essential to give jurisdiction to the court to declare a forfeiture." *Pelham v. Rose*, 76 U.S. (9 Wall.) 103, 19 L.Ed. 602 (1869).

■ Courts generally require claimants to follow the language of the Supplemental Rules to the letter. *United States v. $38,000 in United States Currency*, 816 F.2d 1538, 1547 (11th Cir.1987). Likewise, because forfeitures are viewed with judicial disfavor, "strict compliance with the letter of the law by those seeking forfeiture [i.e. the United States] must be required." *Id.* (citing *United States v. One 1936 Model Ford V–8 De Luxe Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 864–65, 83 L.Ed. 1249 (1939); *United States v. One 1976 Ford F–150 Pick–Up*, 769 F.2d 525, 527 (8th Cir.1985); *United States v. One 1957 Rockwell Aero Commander 680 Aircraft*, 671 F.2d 414, 417 (10th Cir.1982); *United States v. One 1977 Cadillac Coupe DeVille*, 644 F.2d 500, 501 (5th Cir. Unit B May 1981)); *see also* E.L. Strobin, Annotation, *Lawfulness of Seizure of Property Used in Violation of Law as Prerequisite to Forfeiture Action or Proceeding*, 8 A.L.R.3d 473, 482–84 (1966 & Supp.1995) (citing state court decisions strictly enforcing procedural requirement of valid seizure in forfeiture actions).

■ The federal Supplemental Rules for Certain Admiralty and Maritime Claims require claimants to property seized pending forfeiture under the Controlled Substances Act to file their claims within ten days after execution of process, absent leave of court extending such time. Fed.R.Civ.P. Supp. R. C(6). Process in civil *in rem* forfeiture consists of the seizure of the property. *Republic Nat'l Bank*, 506 U.S. at 85, 113 S.Ct. at 557–58.

The property in which Violet Degen seeks to claim an interest was seized by the U.S. Marshal on October 25, 1989 pursuant to a warrant for arrest *in rem* issued by this court. DEA Form 453 Seized Asset Receipt, appended as Ex. J to Complaint for Forfeiture *in Rem* (Doc. #1). Proposed Claimant Violet Degen filed her Motion for Leave to

File Late Claim (Doc. # 166) and its attached Claim on June 3, 1997. More than seven years have elapsed in the interim.

There exists, however, a not insignificant question whether the process by which the government seized the property was valid. If it was not, the ten-day limitations period for filing claims provided in Rule C(6) clock should not run from the date of an invalid seizure.

In *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the Supreme Court for the first time in the history of *in rem* civil forfeiture declared that the Due Process Clause of the Fifth Amendment to the Constitution of the United States requires the government to afford the owner of real property notice and a meaningful opportunity to be heard before it seizes the property. The Court of Appeals for the Ninth Circuit has interpreted *Good* as establishing such an owner's right to a remedy for an unconstitutional seizure; under *United States v. Real Property Located at 20832 Big Rock Drive*, 51 F.3d 1402, 1406 (9th Cir.1995), that remedy is the exclusion of evidence derived from the illegal seizure and the return of rents accrued in the interim.

■ In this Circuit, then, if in an *in rem* civil forfeiture action the government effects a preforfeiture seizure of realty without first providing the owner notice and a meaningful opportunity to be heard, the owner is entitled to recover from the government all rents accrued in the interim, *United States v. James Daniel Good Property*, 971 F.2d 1376 (9th Cir.1992), *rev'd in part on other grounds*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), and to an order suppressing any evidence obtained through such a seizure, *United States v. Real Property Located at 20832 Big Rock Drive*, 51 F.3d 1402, 1406 (9th Cir.1995).

It appears clear, however, that a *Good* violation does not invalidate the seizure. In *United States v. Real Property Located in El Dorado, California*, 59 F.3d 974, 981 (9th Cir.1995), the Ninth Circuit hinted that one proper remedy for a *Good* violation is dismissal of the civil *in rem* forfeiture complaint. A footnote to the *El Dorado* opinion reads as follows:

> In the future, a defendant [i.e. the claimant in an *in rem* forfeiture action] will ordinarily raise the constitutionality of a preforfeiture seizure at the outset of the civil forfeiture case. At that stage, the district court may consider dismissal of the United States' complaint, without prejudice, an appropriate remedy.

*United States v. Real Property Located in El Dorado, California*, 59 F.3d 974, 981 n. 5 (9th Cir.1995) (citing *United States v. One Parcel of Real Property Located at 9638 Chicago Heights*, 27 F.3d 327, 329 (8th Cir.1994)). A prior Ninth Circuit panel concluded only that the *Good* claimant is entitled to the return of rents and to suppression of evidence gathered pursuant to the illegal seizure. *United States v. Real Property Located at 20832 Big Rock Drive*, 51 F.3d 1402 (9th Cir.1995).

■ This court has already concluded that the discussion of dismissal in the *El Dorado* footnote is *obiter dicta*. An illegal seizure does not "immunize" seized assets from forfeiture. *United States v. $191,910.00 in United States Currency*, 16 F.3d 1051, 1065 (9th Cir.1994); *United States v. James Daniel Good Property*, 971 F.2d 1376, 1384 (9th Cir.1992), *rev'd in part on other grounds*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). *Accord United States v. Premises and Real Property at 4492 South Livonia Road*, 889 F.2d 1258, 1265–66 (2d Cir.1989). The court has already declined to dismiss this *in rem* civil forfeiture action. Accordingly, the October 25, 1989 seizure of the property to which Violet Degen wishes to lay claim is not invalid, and therefore the ten-day requirement of Rule C(6) applies.

■ But Rule C(6) permits the court, in the exercise of its discretion, to extend the time within which a claimant must file her claim. Although the Rule by its terms imposes no outward limit on that discretion, the court should ordinarily only grant additional time "where the goals underlying the time restriction and the verification requirement are not thwarted." *United States v.1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435–36

(9th Cir.1985). The time limit's purpose is, of course, to force would-be claimants to present their claims promptly after commencement of civil *in rem* forfeiture proceedings, so that all interested parties may be heard and the dispute resolved without delay. *Id.* at 1436.

■ Violet Degen seeks to persuade the court to exercise its discretion to permit her to file a claim more than seven years after the expiration of the ten-day time limit. She maintains that until this court's Order filed April 28, 1997 at 16 (Doc. # 162), she simply had no idea that she retained any interest in the subject property. She argues that the government will suffer no prejudice should the court permit her untimely claim to proceed, and insists that the property is wholly innocent of any wrongdoing by her son, the fugitive Brian Degen, having been purchased solely with innocent funds of her own.

The United States perceives no "valid basis" on which to grant Violet Degen leave to pursue her admittedly untimely claim. The government points out, with some justification, that Violet must have known of the pending forfeiture proceedings in which her son Brian has played a leading role. The government characterizes as "absurd" Violet Degen's contention that but for the court's investigation of the relevant title documents, she would never have suspected that she continues to hold joint title to the property. Finally, the government demolishes Violet Degen's assertion that she deserves a chance to litigate her otherwise time-barred claim because she was never served with the complaint *in rem.* Of course, the government is right on this point; in civil *in rem* proceedings, the allegedly "culpable" *res* is the defendant, and persons asserting ownership interests in that res receive notice of the action via seizure, rather than by personal service of process as in the ordinary civil action *in personam.*

The court does not deem Violet Degen's insistence that her reason for not having filed a claim was her ignorance of her interest in the property absurd. Quite the contrary, it seems not unlikely that had she known of her interest, she would have filed her claim at the outset of these proceedings, as did her son Brian, as well as Brian's wife Karyn Degen.

At least one federal appellate court has applied the "excusable neglect" standard of Fed.R.Civ.P. 6(b)(2) to untimely claims in a civil *in rem* forfeiture action. In *United States v. Borromeo,* 945 F.2d 750 (4th Cir. 1991) the Fourth Circuit identified the relevant considerations in a determination of excusable neglect *vel non.* The *Borromeo* panel began by noting that this determination is "equity-ridden," and that different courts have considered very different factors depending on the nature of the case. The factors identified in *Borromeo* include (1) the time the late claimant became aware of the seizure, (2) the propriety of the process employed by the government, (3) the likelihood of prejudice to the government by permitting the untimely claimant to proceed, (4) conduct by the government tending to delay or mislead the claimant, (5) whether the claimant at least informed the government of her intent to file a claim prior to the expiration of the ten-day time limit, (6) the *bona fides* of the claimant, (7) her health, (8) whether the claimant was appearing *pro se,* and (9) whether the government had complied with the applicable rules of procedure. *Borromeo,* 945 F.2d at 753 (citing *United States v. One Dairy Farm,* 918 F.2d 310, 312 (1st Cir.1990); *United States v. $103,387.27,* 863 F.2d 555 (7th Cir.1988); *United States v. $149,345,* 747 F.2d 1278 (9th Cir.1984); *United States v. Tract of Land Described as Map 2535,* 726 F.Supp. 274 (D.Or.1989); *United States v. Various Parcels,* 650 F.Supp. 62 (N.D.Ind.1986); *United States v. Assets of Taylor,* 640 F.Supp. 35 (E.D.Va.), *aff'd,* 796 F.2d 475 (4th Cir.1986); *United States v.1967 Mooney M20–F Aircraft,* 597 F.Supp. 531 (N.D.Ga.1983)).

The government does not contend that it will suffer prejudice. Nor would such a contention be likely to have much merit. This matter is on remand from the U.S. Supreme Court, which last year reversed this court's grant of summary judgment in favor of the government. *Degen v. United States,* —— U.S. ——, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). Discovery has not yet been completed, and trial remains on the merits of the

**1326**

action. The government has, essentially, already been sent back to square one. The federal courts of appeal for both the Fourth and Seventh Circuits have identified prejudice as the single most important factor to be weighed in determining whether to permit the filing of untimely claims. *Borromeo*, 945 F.2d at 754; *United States v. $103,387.27*, 863 F.2d at 562.

As far as the government's compliance with the applicable procedural rules is concerned, the court has already determined that, under *Good*, the government's seizure violated claimants' rights to due process through failing to provide any pre-seizure notice and hearing. The facts that the constitutional violation exists only by virtue of retroactive application of *Good, see Big Rock Drive*, 51 F.3d at 1405–06, and that this court has declined to dismiss the action solely on the basis of a *Good* violation, does not excuse such failure, nor indeed render the government's procedural objections to Violet Degen's own procedural noncompliance less unseemly. *See Borromeo, id.* at 753 (ruling proper procedure by the government prerequisite to government's objection to claim on timeliness grounds).

Violet Degen does not appear *pro se*, nor does she allege any health-related causes for her procedural noncompliance, or any conduct by the government which encouraged her seven-year delay. She is, however, a 79-year old woman pleading innocence of any wrongdoing, seeking only the opportunity to prove that her interest in the subject real property is free from the taint of her son's alleged narcotics trafficking enterprise. Her explanation, that she failed until now to file her claim only because she was unaware of her own interest in the property, is not incredible. *United States v. Tract of Land Described as Map 2535*, 726 F.Supp. 274, 276 (D.Or.1989). *Cf. United States v. One Urban Lot*, 978 F.2d 776 (1st Cir.1992) (affirming denial of leave to file untimely claim solely on grounds that late claimant was "disoriented and confused" as result of husband's indictment on federal narcotics trafficking charges, where claimant was accompanied by counsel when notified of forfeiture action and had had prior experience with such proceedings);

*cf. also United States v. Lot 65, Pine Meadow*, 976 F.2d 1155 (8th Cir.1992) (finding no abuse of discretion in district court's denial of additional time under Rule C(6) where claimant's sole excuse for failing to file timely claim was preoccupation with other legal matters).

The government relies heavily upon the Tenth Circuit's ruling in *United States v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306 (10th Cir.1994). In that case, the appellate court found no abuse of discretion in the district court's denial of a motion to permit the filing of a claim more than a year after commencement of civil *in rem* forfeiture proceedings. The *Roswell* panel conducted its own balancing of the equities, and concluded they did not favor granting additional time under Rule C(6).

First, the fact that *Roswell* found no abuse of discretion in denial of leave to file a late claim in no way implies that it *would* be abuse of discretion to grant Violet Degen's motion in the present matter. Second, there was evidence in *Roswell* that the untimely claimant had deliberately delayed filing its claim so as to avoid becoming "entangled" in the related federal criminal prosecution. Third, the *in rem* proceedings in *Roswell* were not delayed, as they have been in the present matter, by lengthy appellate proceedings.

The decision of the Fourth Circuit in *Borromeo* seems more pertinent: In that case, as in the present matter, the government offers not even a "hint of an insinuation" that it would suffer any prejudice from the granting of additional time under Rule C(6). *See, e.g., United States v. $10,000 in United States Funds*, 863 F.Supp. 812 (S.D.Ill.1994) (denying motion to file late claim where claimant offered no explanation for delay and where government would suffer prejudice through increased duration and cost of litigation), *aff'd*, 52 F.3d 329 (7th Cir.1995). Like the *Borromeo* panel, this court cannot applaud the government's efforts to deny Violet Degen a hearing on the merits of her claim. As the *Borromeo* panel recognized, allowing Violet Degen to pursue her claim is not "giving her the money; all it entitles her to do is participate in the proceeding and

prove" that the property is not forfeitable as fruits of crime. The government may still succeed in having the property declared forfeit, but it must let Violet Degen into the courthouse. 945 F.2d at 754.

Most importantly, the purpose of Rule C(6)'s ten-day time limit will not be thwarted by granting Violet Degen the relief she seeks. *See Yukon Delta Houseboat,* 774 F.2d at 1436. The government must try Brian Degen's case on the merits, nearly eight years after the seizures. That case involves dozens of items of property, some real and some personal. This case is, as indicated *supra,* at present still at the preliminary stage.

For the foregoing reasons, *IT IS THERE-FORE ORDERED* that Violet Degen's Motion to File Late Claim (Doc. # 166) is *HEREBY GRANTED.*

*IT IS FURTHER HEREBY ORDERED* that the Clerk of this court shall detach the proposed Claim from the Motion and file same.